EDICK *vs.* CRIM.

Where a complaint stated an exchange of two watches belonging to the plaintiff, for a rifle, with an allegation that the defendant *fraudulently* pretended to be the owner of the rifle; and the plaintiff averred that " the defendant, at the time of the sale or trade, did not own the rifle, and *fraudulently sold and traded the same*, to the plaintiff, *by reason whereof* the plaintiff was subjected to, and made liable for, a judgment recovered by A. H. C. who had sued for and recovered the rifle," &c.; *Held* that the action was to be regarded as sounding in *fraud*, and not as a suit on contract, upon the implied *warranty of title.*

*Held also*, that proof on the part of the defendant, that the plaintiff *knew*, long before the trade set forth in the complaint, that the defendant did not own the rifle, warranted a verdict for the defendant.

Though the general rule is that the vendor of a chattel impliedly warrants the title, yet when the chattel is not in the vendor's possession but in that of another, this rule does not prevail. In such case the party buys at his peril, unless there be an express warranty.

THIS was an appeal by the plaintiff from a judgment rendered by the county court of Herkimer county, affirming the judgment of a justice of the peace, in favor of the defendant.

*F. Kernan*, for the plaintiff.

*V. Owen*, for the defendant.

*By the Court*, GRIDLEY, P. J. This suit was brought upon a complaint stating an exchange of two watches for a rifle, with an allegation that the defendant *fraudulently* pretended to be the owner of the rifle. The plaintiff avers in his complaint that "the defendant, at the time of the sale or trade, did not own the rifle, and *fraudulently sold and traded the same* to the plaintiff, *by reason whereof* the plaintiff was subjected to, and made liable for, a judgment recovered by Adam H. Crim, who had sued for and recovered the rifle," &c.

I. It is important to determine whether this action *sounds in fraud*, or is to be regarded merely as a suit on contract, upon the implied warranty of title. In the one case the defendant may be imprisoned on the execution; and in the other the process merely goes against his property. Again; the code of procedure does not allow of a joinder of the one cause of action with the other, in the same action. (*Code*, § 167.) A careful consideration of the complaint will show that it is wanting in all the characteristics of the old action of assumpsit on a warranty. The complaint neither uses the word "warrant," nor does it aver that the defendant undertook and promised that he was the owner of the rifle. It does not even alledge that he affirmed himself to be the owner; nor does it contain any equivalent averment. On the contrary the language is that he "falsely pretended to be the owner," and that "he fraudulently sold the rifle to the plaintiff, *whereby* he became liable" &c.—a form of expression substantially like that which was held in *Bayard* v. *Malcolm*, (2 *John.* 550,) to characterize the action as one of deceit. In truth the *fraud* is made the gravamen and gist of the action; while all the requisites of an action on a warranty are wanting. The complaint was framed on the principle of the case of *Barney* v. *Dewey*, (13 *John.* 224.) Therefore there can be no recovery on a contract, on the principle of rejecting the allegations of fraud as surplusage, as in the case of a fraudulent

warranty ; even if that practice were still allowable, since the change of the law above adverted to.

II. This being an action founded on the fraud charged in the complaint, the defendant proved on the trial, by Adam H. Crim and Catharine Crim, that the plaintiff *knew,* long before the trade, that the defendant did not own the rifle. On this ground, beyond all doubt, the jury found for the defendant.

III. Again; though the general rule is that the vendor of a chattel impliedly warrants the title, yet when the chattel is not in the vendor's possession, but in that of another, this rule does not prevail. In such case the party buys at his peril, unless there be an express warranty. (2 *Kent's Com.* 478. *Cro. Jac.* 197.) In this case the rifle was at the house of David Crim, the uncle of the plaintiff, and the defendant's brother took it away, on giving security for the damages incurred by the act. There was no ground, therefore, for a recovery by the plaintiff, even on the ground of an implied warranty. The judgments of the justice, and of the county court, were right, and must be affirmed.

---

Same Term. *Before the same Justices.*