Hopkins *v.* Grinnell.

[Monroe General Term, September 6, 1858.  *Welles, Smith* and *Johnson,* Justices.]

HOPKINS *vs.* GRINNELL and others. .

The defendants had recovered a judgment against a manufacturing corporation doing business in the state of New Jersey, the execution issued on which had been levied upon the personal property of the company, at the factory, and was the oldest lien thereon. The plaintiff, who was the managing agent and secretary of the company, with knowledge of these facts, entered into a contract with H., the president of the company, for the purchase of a part of the machinery in the factory for the price of $1000, and gave his note for that sum, at four months. The defendants thereupon gave him an order, addressed to the sheriff, who had levied upon the property of the company, under their execution, as well as under others junior in date, directing him to deliver to the plaintiff the machinery which he had purchased; the plaintiff saying that such order was all he required, and that he could get the property upon it. The sheriff disregarded the order, and refused to deliver the property upon it, because of the lien of the junior executions. *Held* that, under the circumstances, there was no warranty of title; that the defendants had done all they agreed to do, in respect to a delivery of the property; and that no action would lie against them, for the non-delivery; the note given for the price not having been paid, and being produced for cancellation, on the trial.

Where it is apparent, from the whole case, that the plaintiff can in no event recover any thing but nominal damages, the court will not grant a new trial, although an error has been committed in the charge.

MOTION by the plaintiff for a new trial. The action was tried at a circuit court held in the county of Cayuga, in May, 1856, when there was a verdict in favor of the defend-

ants.    At the trial the following facts were disclosed : The defendants, the firm of Grinnell, Minturn & Company, were the selling and purchasing agents in the city of New York of the Somerville Rope and Bagging Company, a manufacturing corporation, carrying on its business at its works in Somerville in the state of New Jersey.    The plaintiff was the managing agent of the same company, at the factory, and also the secretary of the company.    On and before July 5, 1849, the affairs of the company had become embarrassed, judgments had been recovered against them, and their machinery and other property at Somerville were under levy upon executions.    The defendants were the creditors and plaintiffs in one of the executions which was the oldest and had the prior lien upon the property of the company, and was much larger in amount than the sum of all the others, and more than the value of all the personal and other property of the company.    These facts were, at the time, known to the plaintiff.    On the said 5th day of July the plaintiff concluded a contract, at the defendants' counting room in New York, with John T. Hall, the president of the company, for the purchase of a part of the machinery in the company's factory, for the price of $1000, fixed by the plaintiff (in his note at four months) as the true value of such machinery ; his representations both as to the quantity and specific character and condition of the machinery bought, and its value, being the only knowledge on the subject Mr. Hall had, and being relied on by him.    On that day, (July 5,) the said Hall prepared a bill of sale of the machinery in question, which was subscribed by the defendants, and was in the words and figures following :

"New York, July 5th, 1849.

John R. Hopkins, Esq. bought of Grinnell, Minturn & Co., agents R. & B. Co., one carding machine, one set preparing machine for flax, one spinning frame for thread with appurtenance, $1000.                4 mos.

Rec'd your note at 4 mos.

(Signed)    GRINNELL, MINTURN & Co."

At the same time Mr. Hall prepared a paper which was in the words and figures following:

" Sheriff of the county of Somerset, N. J. : Deliver to the order of John R. Hopkins, from the factory of the Rope and Bagging Company at Somerville, N. J., the following machinery, the property of said company, and now under levy upon an execution in our favor, and we will account to you for the same. [Here follows a specification of the machinery, as in the bill of sale.] Dated New York, July 5th, 1849.

(Signed) GRINNELL, MINTURN & Co."

This paper was signed by the defendants. At the same time the plaintiff gave his note to the defendants, payable to them or their order, for $1000, at four months. Moses H. Grinnell, one of the defendants, was a director in the said rope and bagging company. At the time of closing this contract for the sale of the machinery, it was known by the parties and Hall, that there were executions levied upon all the property of the rope and bagging company, and the fact was spoken of at the time. Hopkins said all he required was an order from the defendants on the sheriff of Somerset county, who held the executions, for the property, and he could get it. The plaintiff took the bill of sale and order on the sheriff, and having already the manual possession of the articles sold, as managing agent of the rope and bagging company, had them boxed, with his name and address, for transportation, and was about to remove them from the factory, when the sheriff's watchman prevented him. The sheriff refused to release the articles from the liens under the other executions, on the ground that he would become liable for their value. They remained under the liens, and were finally sold with the rest of the property of the company in the year 1851. The plaintiff never paid, or offered or was required to pay his note, and the same was produced by the defendants at the trial and offered to be canceled.

The action was brought for a failure to deliver the articles

sold, and by the direction of the justice holding the circuit, the jury rendered a verdict for the defendants.

*James R. Cox,* for the plaintiff.

*Wm. M. Evarts,* for the defendants.

*By the Court,* WELLES, J.   Assuming that in the sale of the machinery in question by the defendants to the plaintiff, the former acted in their own right and not as agents of the rope and bagging company, and that they made the sale without title, it appears abundantly by the evidence that the plaintiff, at the time he made the purchase, knew, as well as the defendants knew it, the condition of the title to the machinery. It was perfectly understood by all the parties, that the legal title was in the rope and bagging company, and that the property was largely encumbered by executions in the hands of the sheriff of Somerset county, New Jersey, by virtue of which a levy had been previously made. The property was not present at the sale, being in the factory at Somerville, and in the legal custody of the sheriff, and there was then no actual tangible delivery of the property to the plaintiff. One of the executions was in favor of the defendants, and was for an amount beyond the value of all the personal property levied upon. The other executions were comparatively small in amount, and were junior to that of the plaintiffs. Under these circumstances, all that the defendants could do towards giving possession was done, and the plaintiff met with no obstacles from the defendants or the company, in getting the possession, nor from any source, excepting the sheriff, who prevented his removing the machinery.

At the time of the sale, a part of the transaction agreed upon was, that the defendants should give the plaintiff an order on the sheriff for the machinery. This was all the plaintiff required. The order was given accordingly, but failed to accomplish the expectations of the parties. The sheriff disre-

garded the order and detained the property. The defendants have done all they agreed to do in regard to giving possession. The order was, *quoad hoc,* a delivery of possession, so far as any delivery could then be made. It would probably have fulfilled the purpose for which it was given, except for the junior executions in favor of other creditors.

This contract of sale was made in the city of New York. The property in question was not in the possession of the defendants, at the time of the sale, and it does not appear that it ever had been in their possession. Under such a state of facts, as to which there is no controversy upon the evidence, the law does not imply a warranty of title.

There is no doubt of the general rule as held in this and other states, that where the seller has possession of the article and sells it as his own and not as agent for another, and for a fair price, he is understood to warrant the title. (2 *Kent's Com.* 478. *Parsons on Cont.* 556, 7, 8, *and note h.*) But if the seller is out of possession, and no affirmation of title is made, the purchaser buys at his peril. (*Same authorities.*) In this case the evidence entirely repels any implication of warranty.

If the jury, upon the evidence given at the trial, had found a verdict for the plaintiff, the court would have been bound to set it aside as against evidence; it was therefore proper for the judge to direct a verdict for the defendants, and a new trial should now be denied, for the same reason.

There is another reason why a new trial should be refused. It is apparent from the whole case, that the plaintiff can in no event recover any thing but nominal damages, and in such a case the court will not grant a new trial although an error has been committed in the charge. If here had been a warranty of title, and a full breach proved, the measure of damages would be the contract price paid for the property. (*Armstrong* v. *Percy,* 5 *Wend.* 535.) But the plaintiff has paid nothing, and his note, given for the machinery, was produced for cancellation on the trial. Under the facts disclosed no

action could have been sustained upon the note. The entire failure of consideration would be a perfect defense to it. No error in admitting or rejecting evidence was committed on the trial.

New trial denied, and judgment ordered for the defendants, on the verdict.

[MONROE GENERAL TERM, September 6, 1858. *Welles, Smith* and *Johnson,* Justices.]