# SAMUEL MILLER *v.* NELSON VAN TASSEL.

ACTIONS—PLEADINGS IN.—The forms alone of the several actions have been abolished by statute, but the substantial allegations of the complaint in a given case must be the same under our practice as are required at common law.

VENDOR OF CHATTELS—ACTION AGAINST.—Under the forms of pleading at common law, the vendee of chattles sold with a warranty of title could, on a breach of the warranty, recover damages in assumpsit, or he might sue in an action on the case for deceit, if there had been deceit, as well as warranty of title ; but, in the first case, he must aver specially that the defendant warranted his title to the property, and that a breach of the warranty had occured, and in the latter, that the defend-

Miller v. Van Tassel.

ant falsely or fraudulently represented himself to be the owner of the property, and that he knew his representations were false.

SAME—COMPLAINT ON.—Under our practice, whichever ground of recovery the pleader adopts, his complaint must contain the same allegations of fact as were required at common law.

OBJECTION TO EVIDENCE.—The ruling of a Court, during a trial, in excluding testimony, will be sustained if its introduction was improper, although counsel do not state the correct grounds of objection, provided the correct grounds, if stated, could not have been obviated.

CHATTELS—WARRANTY OF TITLE.—The vendor of chattels in his possession warrants the same by implication. The warranty is a presumption of law arising from the possession of the vendor and the sale.

SAME.—This presumption may be rebutted by proof on the part of the defendant that he refused to give a warranty of title, and that the plaintiff agreed to take the property at his own risk.

BILL OF SALE OF CHATTELS—WARRANTY.—Where the vendor of chattels in his possession gives a written bill of sale to the vendee containing no covenant of warranty, there is an implied warranty, the same as though the sale was by parol.

SAME.—Where the vendor of chattels in his possession gives a written bill of sale to the vendee, containing no covenant of warranty, the warranty arising by implication may be rebutted by parol evidence, the same as it could be if the sale was a verbal one.

WARRANTY OF CHATTELS—EVIDENCE OF.—The record of a Court in an action to recover possession of personal property, containing the summons, proof of service, and a voluntary surrender of property, and dismissal of the action, is not admissible in evidence to show that the plaintiff in the possessory action owned the property, in an action between the defendant in the possessory action and his vendor of the same property.

APPEAL from the District Court, Fifteenth Judicial District, Tehama County.

The record of the Circuit Court of the United States, spoken of in the opinion of the Court, contained a certified copy of a summons in an action brought by the United States against Miller to recover possession of the jack, proof of service on Miller, his voluntary surrender of the property, and a dismissal of the action by the Attorney for the United States.

The plaintiff recovered judgment in the Court below, and the defendant appealed.

The following is a copy of the bill of sale of the jack:

" This is to certify that I have sold to William Miller my brown Maltese Jack, for $1,000.                    °

"N. VAN TASSEL."

The other facts are stated in the opinion of the Court.

*W. S. Long*, for Appellant.

Defendant offered to prove that Miller expressly waived a warranty of title, and agreed to take the jack at his own risk ; which testimony was rejected by the Court. For our right to have introduced such testimony, I cannot do better than to call the attention of the Court to Mr. Parsons's very able work on Contracts, Vol. I, pages 456, 457, Chap. V, and the notes referred to.

There is no clause of warranty in the instrument of writing, and in fact nothing more or less than a simple statement that he had sold the jack. If there had been a warranty in the writing, then the Court would properly have excluded the evidence. But as there was none, we think we had as much right to show the terms of the sale as if the sale had been made verbally.

*W. H. Rhodes*, for Respondent.

The evidence sought to be introduced was inadmissible for any purpose, because it would vary, contradict, and add to the written bill of sale, and parol proof cannot be introduced for any such purpose. The rule is too well settled to admit of doubt that the sale and delivery of personal property by one in possession thereof, carries with it a warranty of the right to sell, and of the title.

Mr. Parsons, in his treatise on Cont. Vol. I, page 456, thus states the rule: " And in this country it seems to be now well settled by adjudications in many of our States, that the seller of a chattel, if in possession, warrants by implication that it is his own, and is answerable to the purchaser if it be taken from him by one who has a better title than the seller, whether the seller knew the defect of his title or not, and whether he did or did not make a distinct affirmation of his title." In support of this view, the learned author cites almost innumer-

able authorities.    (*Vide*, also, Hill on Sales, 292, §38, and authorities to same effect.

There having been, therefore, a warranty of title, as evidenced by the bill of sale, the question arises, can the vendor now prove by parol that there was no warranty of title?

This proof would add a clause to the written contract, and contradict its written terms by a disaffirmance of the legal effect of the instrument, which testimony is inadmissible.

"Where there is a bill of sale, or a written agreement respecting a sale, no action can be maintained upon a mere parol warranty," that is, of the quality or quantity of the article sold, and this upon the principle contended for, that the written instrument contains all the contract.    Thus in the case of *Munford* v. *McPherson*, 1 John. 414, Mr. Justice Thompson delivered the opinion of the Court:  "The warranty alleged to have been made is, that the ship was *completely copper fastened.*  Upon the trial, the bill of sale was produced, which contained no such warranty.    The plaintiff then offered to prove by *parol* that one of the defendants, after the bill of sale was executed, and before the same was delivered, did, to a question put by one of the plaintiffs, express himself to the effect of the warranty contained in the declaration."    This evidence was ruled out, and Mr. Chief Justice Kent, in reply to one of the counsel *arguendo*, said:  "You do not show any express authority that where you have reduced a contract to writing, and the previous *conversations are thereby merged in the written instrument*, you can bring an action on such previous *conversations*," and we add in this case, or *defend one.*

There are two cases in the English Chancery Reports offering the same doctrine distinctly, the first being *Gannis* v. *Erhart*, 1 H. Black. R. 289.

The sale was at auction, and there were certain printed conditions, one representing "that the property was free from encumbrances."    *Parol* proof was offered that the auctioneer, on offering the property, stated the encumbrances, but not to the vendor personally.    The proof was rejected, as it contradicted the written conditions of sale.    The second case is *Pow-*

*ell* v. *Edmunds*, 12 East. 6. The synopsis of the case is as follows: " Printed conditions of sale of timber growing in a certain enclosure, not stating anything of quantity. Parol evidence that the auctioneer at the time of sale warranted a certain quantity *is not admissible as varying the written contract.*" To the same effect is the case of *Van Nostrand* v. *Beed*, 1 Wend. 432.

By the Court, RHODES, J.

This action was brought by the vendee of an American jack to recover back from the vendor the purchase money, on the ground that the vendor had no title at the time of the sale. The first count of the complaint amounts merely to the common count for money had and received by the defendant to the use of the plaintiff. The second count states, in substance, that the defendant represented to plaintiff that he, the defendant, was the owner of and entitled to sell the property; that thereupon the defendant executed to the plaintiff a bill of sale of the property, a copy of which is inserted; that the plaintiff paid the defendant the price, and received possession of the property; that the United States is the owner, and reclaimed and took possession of the jack; that the sale was void, and that the plaintiff rescinded the sale and demanded from the defendant the price, with interest, and that defendant refused to pay the same.

The case was treated by the parties in the Court below as an action upon the warranty of title, and the counsel of both parties have submitted the case to this Court on that theory. But evidently no recovery can be had for a breach of the warranty under the first count, because it contains no allegation of a warranty. (*Edick* v. *Crim*, 10 Barb. 445.)

Under the forms of pleading at common law, the vendee of chattels sold with a warranty of title, could, on a breach of the warranty, recover in assumpsit, or he might sue in an action on the case for deceit, if there had been also deceit on the sale, as well as a warranty of title; but in either case,

the plaintiff was obliged to plead specially. (Chitty on Pleading, 383.)

The *forms* alone of the several actions have been abolished by the statute; the substantial allegations of the complaint, in a given case, must be the same under our Practice Act as are required at common law. The second count fails to state that the defendant warranted his title to the property, or that the property or the value thereof had been recovered from him by law by a person having a better title, or that any breach of the supposed warranty had occurred. Nor can it be considered as a count in *case* for deceit, for it is not alleged that the defendant falsely or fraudulently represented himself to be the owner of the property, nor that he knew that his representations were false.

The defendant, in his answer, denies that the property was the property of the United States, that the sale was void, or that the plaintiff had the right to rescind the contract; and he sets up that the plaintiff bought the property at his own risk; in other words, he denies what is not alleged in the complaint—that is to say, that he warranted the title.

This explanation of the state of the pleadings is necessary in order to clearly understand the force and effect of the ruling of the Court in excluding the testimony, which is the error mainly relied upon by the appellant. He offered to prove that at the time of sale the defendant refused to give a warranty of title, that the plaintiff said he did not wish the defendant to warrant the title, and that he would take the property at his own risk. This testimony was objected to by the plaintiff, on the ground that the defendant could not contradict his own bill of sale by parol, and the Court sustained the objection. The ruling of the Court will be sustained in excluding the testimony, if its introduction was improper, without regard to the grounds of objection stated by counsel, if the true objections could not have been obviated on being stated. The true ground of the exclusion of the testimony was because it did not tend to disprove any of the allegations of the complaint, nor to prove any allegation of the answer

that amounted to a defense to the cause of action. In other words, the testimony was irrelevant to the issues in the case.

It is a rule well established in the American Courts, that the vendor of chattels in his possession warrants the title by implication. (1 Parsons on Conts. 456, and notes.) This implied warranty amounts to nothing more than a presumption of law of the existence of a fact, arising from the proof of certain other facts, to wit: the possession of the vendor, and his sale of the chattel; but this is not a conclusive presumption. If the whole evidence of the sale had rested in parol, there would be no question that in an action brought to recover damages for a breach of the warranty of title, evidence of the character of that offered by the defendant would have been competent and material in support of the answer denying the warranty. The plaintiff urges that there being a bill of sale of the property, the warranty of title arising by implication attaches itself to the writing, and thereby becomes a part of the written instrument, and thus is subject to the rule of law forbidding an instrument of writing to be contradicted by parol testimony. There is much force in the point, but in our opinion it is untenable. No case is cited by the respondent directly to the point, and it is doubtful if any well adjudged case can be found sustaining that doctrine. The language of the Court in *Munford* v. *McPherson*, 1 John. 414, is broad enough to exclude parol proof of a warranty of any description, when there was a contract in writing which was silent in regard to a warranty, because, if allowed, it would add a new term to the written instrument of sale; but in that case, the question of adding to the written contract a *further* warranty of quality was under consideration. *Van Ostreand* v. *Reed*, 1 Wend. 424, *Powell* v. *Edmunds*, 12 East. 6, and a large number of English and American cases, decide that a warranty of quality or quantity cannot be added by parol to the written contract of sale; but they do not hold, as counsel argues, that an implied warranty of title, arising out of a sale of chattels, cannot be varied or contradicted by verbal evidence.

The fallacy of the learned counsel's argument consists in

considering the warranty as arising out of the terms of the contract; in holding that a contract of sale means a sale and a warranty by the same process and in the same manner that the words " grant, bargain, and sell," in a conveyance of land import a warranty as against the grantor; or as the term *demise*, in a lease of real estate, implies a covenant for quiet enjoyment; or as a clean bill of lading (as was held in *Creery* v. *Holly*, 14 Wend. 30) means, according to commercial usage, that the goods were stowed *under* the deck.

A warranty of title of a chattel, not directly expressed either verbally or in writing, is an implied agreement of the vendor, presumed by law from the concurring facts of the sale of the chattel by the vendor, and his possession at the time of the sale, without regard to the terms of sale, or the fact that the sale is or is not evidenced by writing. Chancellor Kent adds the further fact that the sale was for a fair price, (2 Kent, 478,) but the current of the late American cases does not regard that as an essential fact. Familiar illustration of such contracts arising by implication may be found in the cases of sale of chattels, either verbal or in writing, where no price or terms of payment are expressed. In such cases the law presumes, from the fact of sale, that the purchaser promised to pay the reasonable value of the chattels; also, to pay on demand, and to pay in money. A tenant holding over after the expiration of a lease in writing, is presumed to hold as a tenant from year to year, and upon the terms expressed in the lease. But, in all these cases, the implied contracts may be varied or contradicted by parol evidence, showing an agreement differing from that presumed by law. This doctrine is further enforced by the fact that if the warranty is presumed from the contract, as distinguished from the facts of the sale and possession by the vendor, none could be presumed when the contract was in writing, unless the writing also stated that the vendor was in possession at the time of sale, for it would certainly not be allowable to presume the existence of a fact which might as well not be true as be true, and thereupon to presume an agreement that could not arise by implication unless

that fact was true.   The implied agreement of warranty does not form a portion of the contract in writing, and may be varied or contradicted by parol.   " It is a general rule that oral and extrinsic evidence is admissible to rebut a presumption of law or equity."   (2 Starkie on Ev., 568.)

An instrument simply expressing that the vendor has sold to the vendee a certain chattel at a specified price, the receipt of which is acknowledged, and which is usually denominated a bill of sale, does not amount, in legal contemplation, to a contract, defined by Parsons (Vol. I, p. 6) as " an agreement between two or more parties for the doing or not doing of some specified thing," but amounts rather to a bill of parcels, according to commercial usage.   But even if it is said to be a contract in any sense, yet the rules of law might not preclude the defendant in this case from introducing the evidence offered by him, for, in a case where a writing is not required by law, " oral proof of a distinct parol contract, relative to terms not noticed in the written memorandum, and showing that the memorandum was confined to one part only of the transaction, may be received."   (Chitty on Cont., 109.)   The bill of sale is silent in respect to the warranty.

This question, so far as it affects the bill of sale in this case, has been discussed at this time because, upon a new trial, it will again arise in the Court below if the pleadings shall present the issue of the warranty of title, and the defendant shall offer evidence of the conversation of the parties respecting the warranty.

The record from the United States Circuit Court, offered in evidence by the plaintiff, and admitted by the Court, was not admissible, because there was no judgment rendered in the case, and the record, if it amounted to anything at all, simply showed that the United States *claimed* the property, not that they had *recovered* it by law from the plaintiffs in this action.

The judgment is reversed and the cause remanded for a new trial.