Mills v. Porter.

---

## MILLS v. PORTER.

*Warranty — of title — Notice — Assignment of promissory note.*

Defendant, who had in his possession a promissory note belonging to J., and payable to J.'s order, but not indorsed by J., assigned the same to W. without other consideration than that if W. collected the note he should pay defendant the face amount. *Held*, (1) that the want of the indorsement was a notice of the defect in title; (2) that the doctrine of implied warranty of title in the sale of chattels did not apply, and (3) that defendant was not liable to W. or his assignee for the defect of title.

APPEAL by plaintiff from a judgment in favor of defendant, entered upon a verdict directed by the court, and from an order denying a new trial.

The action was brought in Lewis county by George R. Mills against Robert Porter, to recover damages for the failure of title to a note. The note in question was for $1,000, and made by one Brown and another, payable to the order of one Jabez Porter, brother of defendant, upon a loan made by said Jabez to said Brown, and was left in the hands of defendant for safe-keeping. Jabez Porter died without indorsing the note. Some time after

his death, defendant delivered the note to one John Wood, executing at the same time an instrument under seal, reading as follows: "For value received, I hereby sell and assign unto John Wood a certain note, executed by George D. Brown and Mary A. Brown, for one thousand dollars, with interest, dated August 29, 1864, and payable to Jabez Porter or order one year after date, at the Bank of Lowville."

At the trial it was shown that Wood paid nothing upon receiving the transfer of the note and the assignment; that Wood agreed to take the note and collect it, and give defendant the face of the note, and Wood was to have the interest for collecting it.

By an instrument under seal, dated two days after the one executed by defendant, Wood transferred the note to plaintiff, and before the commencement of the suit transferred all his claim for damages by reason of the want of title in defendants to the note, which want of title had been determined in an action by plaintiff thereupon against the makers. Such other facts as are material appear in the opinion.

*Cornelius E. Stephens,* for appellant. On the sale of a chattel, there is an implied warranty of title. *Case* v. *Hall,* 24 Wend. 102; *Sweetman* v. *Prince,* 230, and cases cited.

*E. S. Merrell,* for respondent.

GILBERT, J. The only grounds upon which a recovery could be claimed in this case are that the defendant sold the note to Wood, and that on such sale there was an implied warranty of the title to the note. Neither of these propositions can be maintained. There was no sale of the note, but a mere assignment thereof for the purpose of having it collected upon an agreed compensation to be paid to Wood, namely, the interest which had accrued and might thereafter accrue on the note. That assignment was wholly ineffectual for the reason that the defendant was not the owner of the note. The note belonged to Jabez Porter, and was given to secure the payment of a loan made by him to the makers; was payable to his order, and had not been indorsed or transferred by him. The defendant held it merely as Jabez Porter's custodian. The note on its face showed that the defendant had no title to it, and that fact was equivalent to a declaration to that effect accompanying the assignment. The transaction was illegal

on the part of both Wood and the defendant. The doctrine of implied warranty of title on the sale of a chattel cannot be applied to such a case, for in contemplation of law the note was not in the possession of the assignor. *Scranton* v. *Clark*, 39 Barb. 273 ; S. C., 39 N. Y. 220. The plaintiff merely stands in the shoes of Wood. The judgment, therefore, must be affirmed.

*Judgment affirmed.*