# ROBERT ZEILE, *Respondent*, v. JACOB MORITZ, *Appellant*.

ORDER SUSTAINING A DEMURRER.—No appeal lies from an order sustaining a Demurrer.

ACTION OF COURT ON DEMURRER, HOW REVIEWED.—When the Judgment Roll shows the action of the Court below upon a Demurrer, the same can be reviewed on appeal without a statement or Bill of Exceptions.

LAW AND EQUITY STILL DISTINCT.—The Practice Act abolishes the forms of the several actions only—the distinction between Law and Equity is as broad as ever.

EQUITABLE DEFENSE AND COUNTER CLAIM.—Action on a promissory note. Defendant by his answer sets up a claim for damages against the Plaintiff for the willful destruction of the property of Defendant to the amount of $1,000, and avers the insolvency of Plaintiff.

HELD.—Not an equitable defense to Plaintiff's action.

HELD FURTHER.—That the same is not a Counter Claim, as it does not arise out of the transaction set forth in the complaint.

ACTION AT LAW—COUNTER CLAIM.—In an action at law under the Practice Act, the Defendant cannot set up a defense in tort, notwithstanding the insolvency of the Plaintiff, when the tort does not grow out of the cause of action sued on.

APPEAL from the Third District Court.

On the 23rd day of July, 1875, the Plaintiff brought an action against the Defendant on a promissory note for $700. The Defendant answering, admits the execution and delivery of the note, but alleges that the Plaintiff whilst in the service of Defendant and one Johnson, as partners, subsequent to the execution of the note sued on, as a beer brewer, "negligently and carelessly, and wantonly and maliciously injured and destroyed materials for making beer, and negligently and carelessly, and wantonly and maliciously injured and destroyed beer already manufactured, to the value, in all of such materials and such beer, of ($1,000) one thousand dollars;" that on the 1st day of July, 1875, the said Johnson sold and assigned his interest in the cause of action for said damage to Defendant for value ; that Defendant had duly demanded payment for said damage from Plaintiff, which Plaintiff refused to pay ; that "the Plaintiff is wholly and utterly insolvent, and an action against said Plaintiff for said damage would be unavailing."

Defendant then "offers to credit the amount due him for such damage with the sum claimed by Plaintiff, and take judgment for the balance of said one thousand dollars."

To this answer Plaintiff interposed a general demurrer. On hearing the argument, the Court sustained the demurrer, and Defendant duly excepted. Defendant stood by his answer ; judgment was given for Plaintiff, and Defendant appeals.

*J. C. Hemingray,* for Appellant.

*Tilford & Hagan,* for Respondent.

EMERSON, J., delivered the opinion of the Court :

The suit was upon a promissory note. The Defendant answered ; the Plaintiff demurred to the answer; the demurrer was sustained ; the Defendant excepted ; elected to stand upon his demurrer, and judgment was given for the Plaintiff, reciting the action of the Court upon the demurrer.

The Defendant appeals.

1st. From the order sustaining the demurrer.

2d. From the judgment.

As to the first, it is sufficient to say that it is not, as such, an appealable order.

On the appeal from the judgment, the question is raised as to whether this Court can review the action of the Court below on the demurrer, there being no statement or Bill of Exceptions.

The object of a Statement on Appeal is to bring into the record those orders and rulings, together with the facts necessary to explain them, which are made in other stages of the proceedings in the case, and not during the progress of the trial, and not contained in the Judgment Roll.    Harper *v.* Minor, 27 Cal. 110.

The judgment in this case discloses the action taken by the Court on the demurrer.    The recitals in it bring before us all the facts necessary to enable the Court to determine whether there was error or not; that is the sufficiency of the answer.    They accomplish all that could be accomplished by a statement.

We cannot separate the action of the Court upon the demurrer from the judgment based upon, and made a part of it in the record, and properly included in the Judgment Roll.

The complaint is in the usual form upon a promissory note ; the answer admits the execution and delivery thereof, and sets up new matter in defense by which he seeks not only to defeat the Plaintiff's claim, but to recover a judgment against him.    This new matter consists of a claim for damages for the willful and malicious de-

struction of the partnership property of the Defendant and one Johnson, to the amount of $1,000, Johnson having assigned his interest in the claim before the bringing of this suit. It is further alleged in the answer that "the Plaintiff is wholly and utterly insolvent, and an action against said Plaintiff for said damages would be unavailing."

The Defendant claims that under the Practice Act this constitutes an equitable defense to the Plaintiff's action.

The Practice Act does not abolish the distinction between Law and Equity. This distinction is as broad as ever. The act affects the forms of the several actions alone. The substantial allegations of the pleadings must be the same as under the old system. Miller v. Van Tassel, 24 Cal. 463 ; Jones v. Steamship Cortez, 17 Id. 487. "The abrogation of the ancient forms of pleading, and the establishment of a uniform system of remedies in the Courts, do not abrogate the distinction between Law and Equity, nor require that every cause of action should be set forth in the same terms." Willard's Equity Juris. 36.

Construed by these principles, this answer falls far short of setting up any sort of defense whatever to the Plaintiff's cause of action.

The Defendant rests his claim to have this defense allowed solely upon the allegation of the Plaintiff's insolvency. In other words, to defeat an action upon a promissory note, he sets up a claim for damages, growing out of the tortious act of the Plaintiff, not in the remotest degree connected with the subject of the action, and by simply alleging in addition the insolvency of the Plaintiff asking the Court to make an equitable application of the claim for that purpose.

With equal propriety he might defeat a claim for damages in an action of ejectment, by setting up a claim for damages for an assault and battery committed upon him by the Plaintiff, by alleging the insolvency of the Plaintiff and his consequent inability to respond in damages for the tort.

The new matter constitutes no defense, either legal or equitable in any other sense than as a Counter Claim, and as such it cannot be pleaded in this action, because it does not arise out of the transaction set forth in the complaint as the foundation of the Plaintiff's claim; neither is it connected with the subject of the action; nor is it a cause of action arising upon contract.    Practice Act, Sec. 47.

If the Defendant has a remedy against the Plaintiff, he must seek it in another suit.

The judgment of the Court below is affirmed with costs.

WHITE, C. J., and BOREMAN, J., concurred.