### SWEENEY vs. VROMAN.

*March 21 — April 8, 1884.*

ACTION: *Tort or contract? Fraudulent warranty.*

An action for a fraudulent warranty, where a *scienter* is alleged in the complaint, is an action *ex delicto*, and the defendant can be imprisoned on the execution. Upon such a complaint, therefore, it is substantial error to direct a verdict for the plaintiff in case the jury shall find a mere breach of contract of warranty.

APPEAL from the County Court of *Dodge* County.

The case is sufficiently stated in the opinion. There was a verdict for the plaintiff, and from the judgment entered thereon the defendant appealed.

For the appellant the cause was submitted on the brief of *P. G. Lewis,* attorney, and *L. T. Fribert,* of counsel.

For the respondent there was a brief by *Edward Lowth,* attorney, and *E. P. Smith,* of counsel, and oral argument by *Mr. Smith.*

COLE, C. J. As we understand the complaint in this case, the action is for a fraudulent warranty in the sale of a horse. It is alleged that in consideration that the plaintiff would purchase a certain horse of the defendant, the latter fraudulently undertook and promised the former that the "horse was sound and all right as far as he knew;" that the plaint-

iff, confiding in this fraudulent promise, was induced to buy the horse at the price of $120. It is then averred that at the time of the sale the horse "was not sound or all right," as the "defendant then and before that time well knew, but, to the knowledge of said defendant, was subject to a disease or affection called blind staggers, and was of little or no use or value to the plaintiff," etc. Now it will be seen that the action is not founded upon contract for a breach of warranty of the soundness of the horse, but is one sounding in tort, where the defendant may be imprisoned on the execution. A *scienter* is distinctly alleged, which characterizes the action as being one for fraud and deceit in the sale of the horse. So, in the language of the chief justice in *Pierce v. Carey*, 37 Wis., 232, we may say "this is, beyond question, an action *ex delicto* on a fraudulent warranty and misrepresentation."

For the reason just suggested, the distinction between an action for *tort* and one upon contract is vital, because in the one the defendant may be imprisoned on the execution, while in the other the process merely goes against his property. GRIDLEY, P. J., in *Edick v. Crim*, 10 Barb., 445. This fundamental distinction between the two actions is made very plain in *Pierce v. Carey*, which is a case that rules this.

Treating, then, this as an action in tort for fraud and deceit, how stands the case upon the exceptions taken on the trial? Undeniably there was evidence given on the part of the plaintiff which tended to prove the cause of action alleged. But when the learned county judge came to charge the jury, he instructed in effect that the action was upon contract for a breach of warranty in the sale of a horse, and that the plaintiff would be entitled to recover should the jury find either (1) that the defendant warranted the horse to be all right and sound; or (2) that the defendant sold the horse for a specific purpose; or (3) that the defend-

ant represented the horse to be all right as far as he knew, when in fact the horse was unsound or had the blind staggers. It is obvious, from this charge and other portions which were excepted to by the defendant, that the county judge entirely misapprehended the action which could be litigated under the complaint. It seems to have been tried by the court — and to some extent by counsel on both sides — on the theory that it was an action on a simple contract of warranty. But this was an entire misconception of the nature of the action; and it is evident that, under the charge, the jury might have found as they did upon proof which established only a breach of contract, while under the complaint the defendant would be convicted of a fraud. In view of the fact that the defendant would be liable to arrest and imprisonment on the execution, to uphold the verdict would be " a wrong which no court of justice should sanction: such a wrong as the administration of the code, in its true spirit and significance, should render impossible." RYAN, C. J., in *Pierce v. Carey.*

*Pierce v. Carey* was an action for a fraudulent warranty, as this is. The evidence was conflicting as to the *scienter.* " The court instructed the jury that if they found that the horse was unsound at the time of sale, and that defendant knew it, they must find for the plaintiff; but, if they found that the horse was sound, or that he was at the time unsound and the defendant did not know it, they must find for the defendant, and refused an instruction asked by the plaintiff, that, the warranty being admitted, if the proofs show the horse unsound at the time of sale the plaintiff must recover; and also refused an instruction that, in an action for a breach of warranty, or for false warranty, it is not necessary to show that the defendant knew of the unsoundness at the time of making the warranty." There was a verdict for the defendant, and on appeal this court approved the rulings of the court below in respect to the charge. That

case is so fully in point that we might well have contented ourselves by referring to it to sustain our decision in refusing to uphold this verdict.

Without noticing any other question in the case, the judgment must be reversed on account of the error in the charge above referred to.

*By the Court.*— The judgment of the county court is reversed, and a new trial ordered.