FRANK v. FORGOTSTON et al.

(City Court of New York, General Term. December 27, 1899.)

1. INTOXICATING LIQUORS—PROPERTY.

A liquor-tax certificate is property.

2. BONDS—CONSTRUCTION.

A bond was conditioned that if the obligee "shall lose any sum or sums of money by reason of the title to certain goods," etc., vested in him by a delivery and bill of sale, "up to the amount of $850, that for such sum of money as shall be lost by said F. these presents shall be in full force." *Held*, that the intent was that, if the obligee lost any money by not acquiring complete title or ownership under the bill of sale, then the bond was to be in effect to the amount of the loss.

3. SALES—WARRANTY.

Where a bill of sale conveys all right, title, and interest in a liquor-tax certificate, the seller expressly warrants the sale, although the certificate was not at the time in his possession.

4. PLEADING.

A complaint will be deemed sufficient where the requisite allegations may be gathered from the fair intendment of its averments, though their statement may be argumentative.

Appeal from special term.

Action by Marks L. Frank against Etta Forgotston and another. From an order overruling a demurrer and entering judgment against her, defendant Etta Forgotston appeals. Affirmed.

Argued before FITZSIMONS, C. J., and SCHUCHMAN, J.

James C. De La Mare, for appellant.

Philip J. Britt, for respondent.

SCHUCHMAN, J. The complaint alleges a cause of action to recover $466.66 and interest from October 1, 1897, upon a bond made by both defendants to plaintiff, dated September 15, 1897. The condition of the bond is as follows:

"Now, the condition of this obligation is such that if the above-named Marks L. Frank shall lose any sum or sums of money by reason of the title to certain goods and chattels vested in him by a certain delivery thereof, and a bill of sale executed simultaneously therewith on the 15th day of September, 1897, by John S. Forgotston, one of the parties to these presents, up to the amount of $850, or any part thereof, that for such sum of money as shall be lost by said Frank these presents shall be in full force."

The bill of sale referred to is annexed to the complaint, which transfers one oak sideboard and all the other goods, chattels, etc., located in the house No. 14 West Thirty-First street, in the city of New York, and more specifically designated in the schedule thereto annexed, "together with all right, title, and interest in and to the liquor-tax certificate now issued by the state excise authorities for the sale of liquors, etc., in said premises." The schedule annexed to the bill of sale specifies one liquor-tax certificate (No. 2,866), dated May 4, 1897. The complaint further alleges that the liquor-tax certificate referred to was issued to the Imperial Club, or to one J. W. Powers or Eugene Loeb, or both of them, and authorized the dispensing of liquors, etc., at said place, No. 14 West Thirty-First street, between May 1, 1897, and May 1, 1898, and that

said tax certificate was of the reasonable and rightful value of $466.66 on said September 15, 1897. To this complaint the defendant Etta Forgotston demurred on the ground that it does not state facts sufficient to constitute a cause of action. By this demurrer all allegations of the complaint are admitted as true. The liquor-tax certificate is property. In re Hilliard, 25 App. Div. 222, 49 N. Y. Supp. 286, affirmed in 155 N. Y. 702, 50 N. E. 1118; In re Lyman, 160 N. Y. 100, 54 N. E. 577.

The appellant maintains that the condition of said bond is meaningless. The bond reads (by omitting a few words unimportant for the decision of the question involved):

"Now, the condition of this obligation is such that if the above-named Marks L. Frank shall lose any sum or sums of money by reason of the title to certain goods and chattels, vested in him by a bill of sale executed simultaneously therewith on the 15th day of September, 1897, by John S. Forgotston, one of the parties to these presents, up to the amount of $850, or any part thereof, that for such sum of money as shall be lost by said Frank these presents shall be in full force and effect; otherwise, they become null and void."

The "title to certain goods and chattels" means the right to the property, and the right of possession thereof,—in short, the ownership thereof; and the bond provides that, if plaintiff loses any money by reason of not acquiring complete title or ownership thereof by virtue of said bill of sale, then in that event, and to the amount of his loss, is this bond in force and effect; and that was the evident intent of the contracting parties. The fact that the bill of sale and bond were simultaneously executed and delivered confirms this intent. The bill of sale does not purport to convey his (Forgotston's) right, title, and interest in and to the liquor-tax certificate, but all right, title, and interest therein; and, in and by the bill of sale, Forgotston expressly warranted the sale. Scranton v. Clark, 39 N. Y. 220. Forgotston undertook thereby to transfer all the right, title, and interest that existed in that piece of property. The presumption is in favor of the legality of the contracts, to wit, bill of sale and bond, involved in this action. An agreement will not be adjudged to be illegal where it is capable of a construction which will uphold it and make it valid. Lorillard v. Clyde, 86 N. Y. 384, 387.

A complaint will be deemed sufficient whenever the requisite allegations can be fairly gathered from all the averments, though the statement of them may be argumentative. It will be held to state all facts that can be implied from the allegations by reasonable and fair intendment. Sage v. Culver, 147 N. Y. 241, 41 N. E. 513. The complaint in this case sets forth the bond, a breach thereof, and the reasonable value of the tax certificate. These facts are admitted by the demurrer. The complaint is sufficient.

Interlocutory judgment affirmed, with costs and disbursements, with leave to the defendant to answer within six days from service of the order, upon payment of costs of this appeal and of the costs in the court below.

FITZSIMONS, C. J., concurs.