J. Irwih Shapiro, J.
Motion by plaintiffs for summary judgment and cross motion by defendants for judgment “pursuant to rule 112 of the Buies of Civil Practice ” (judgment on the pleadings, although in the motion papers, it is denominated “ summary judgment ”).
The defendants, in 1947, became the owners of a bungalow designated as 129 Broadway, Howard Beach, Queens County, but not of the land upon which it stood. They were obligated to pay ground rent to the owners of the fee. That is a situation quite common to that neighborhood.
On April 12,1955 and while defendants were residing in said bungalow, they sold it to the plaintiffs by an instrument in writing (neither side being represented by counsel), reading as follows:
‘ ‘ Beceipt is hereby acknowledged from Mr. W. Grossman of the sum of $2500.00 Two Thousand and five hundred dollars, which constitutes payment for house situated at 129 Broadway Howard Beach also included in sale of house as follows:
1 Parlor Kenmore Oil Stove Model-No 15583802 and Electric Blower
1 Combination Bengal Gas and oil stove
1 Combination sink and tub and Cabinets
9 Venetian Blinds
“ To the best of my knowledge and belief said house and appliances are free from all encumbrances.”
It now appears that on April 23, 1954, the City of New York acquired title to premises 129 Broadway, Howard Beach, at an “ in rem” foreclosure sale as a result of the nonpayment of taxes over a period of four years.
*900 While by agreement between the owner of the fee and the owner of the bungalow, the latter might retain its nature as personalty (Hood v. Whitwell, 66 Misc. 49) and the owner of the bungalow could have removed it while he had title to it (Globe Marble Mills Co. v. Quinn, 76 N. Y. 23), so far as the City of New York was concerned, its foreclosure for the arrears in taxes covered not only the land but the building thereon erected. As to the city, the bungalow was realty and the deed which the City Treasurer on April 23,1954, gave to the City of New York conveyed to it an estate in fee simple absolute both to the land and the building thereon erected. (Administrative Code of City of New York, § D17-12.0.) Consequently, when on April 2, 1955, defendants purported to sell the bungalow to the plaintiff, they did not have title thereto.
The complaint alleges fraud on the part of the defendants in the sale and, of course, the defendants deny any fraud, but that fact is not material on this motion for assuming, as we must, that the defendants were acting in the utmost of good faith, the fact nevertheless remains that they did not have title to the bungalow which they purported to sell as personalty to the plaintiffs.
Under the New York common law, it was held that “ In every case of a sale of personal property there is an implied warranty of title and this is analogous to a covenant of quiet enjoyment of land * * *. The effect of such a warranty is to guarantee the purchaser against eviction or injury from other parties ” (McGiffin v. Baird, 62 N. Y. 329 [1875]; McClure v. Central Trust Co., 165 N. Y. 108 [1900]; Burt v. Dewey, 40 N. Y. 283 [1869] ), but this comm on-law rule obtained only if the seller was then in possession of the chattels he was selling (Scranton v. Clark, 39 N. Y. 220; Hopkins v. Grinnell, 28 Barb. 533; Edick v. Crim, 10 Barb. 445; McCoy & Quackenboss v. Artcher, 3 Barb. 323).
Section 94 of the Personal Property Law has codified the common-law except that it implies a warranty of title regardless of the possession or lack of possession of the goods by the seller so that now on every sale of personal property, there is an implied warranty by the seller that ‘1 he has a right to sell the goods ” (subd. 1) and “ [a]n implied warranty that the buyer shall have and enjoy quiet possession of the goods as against any lawful claims existing at the time of the sale ” (subd. 2).
Under the circumstances, the plaintiffs are entitled to recover the moneys paid by them for the bungalow. The bill of sale, however, covers not only the bungalow, but also an oil stove and electric blower, a combination gas and oil stove, a combination sink and tub, cabinets and Venetian blinds.
*901 While neither side has raised the question and both have confined themselves merely to the issue of whether plaintiffs have or have not a cause of action, it would be manifestly unjust to compel defendants to return the entire $2,500 paid to them by the plaintiffs, without receiving an allowance for the value of the above chattels, which concededly were transferred to, kept and used by the plaintiffs.
Under the circumstances while plaintiffs’ motion for summary judgment must be and is hereby granted, an assessment will be ordered to determine the amount due to the plaintiffs after being charged with the fair and reasonable value of the above chattels. The parties are urged to agree upon the amount thereof and to submit a stipulation thereon to the court. If such stipulation is submitted, submit appropriate order in connection therewith; otherwise, submit order providing for an assessment, the noticing of the case for trial, the placing of the case on the calendar for a day certain and the right of either side to demand a trial by jury, within the time set forth in the Civil Practice Act and the Rules of Civil Practice.
The defendants’ cross motion for judgment on the pleadings is denied.
Submit order.