**UNITED STATES of America, Plaintiff,**

v.

**John F. ARSENAULT and David J. Chrisler, Defendants.**

No. 88–CV–307.

United States District Court,
N.D. New York.

May 14, 1990.

Frederick J. Scullin, Jr., U.S. Atty., N.D. N.Y., Albany, N.Y., and Ann Teeter, Special Asst. U.S. Atty., Elmira, N.Y., for plaintiff.

James C. Collins, Binghamton, N.Y., for defendants.

MEMORANDUM–DECISION–ORDER

McAVOY, District Judge.

### Facts

This action is brought by the United States of America on behalf of the SBA for a money judgment on a defaulted loan made to the defendants, John F. Arsenault and David J. Chrisler. On December 28, 1984, defendants had purchased from the SBA the restaurant facility known as the "Red Caboose" in Vestal, New York. The purchase price was $285,000.00, $28,500.00 of which was paid down, and the SBA took a Note for the remaining $256,500.00. The loan on which this suit is brought was authorized by the SBA on January 31, 1985 for $80,000.00, and was increased to $125,-000.00 on March 28, 1985 at the defendant's request. On April 8, 1985 the defendants received from the plaintiff through its agent, the SBA, the sum of $80,000.00 in conjunction with their purchase of the "Red Caboose" for renovating business premises, purchasing inventory and providing working capital to cover expenses including start-up and closing costs and fees. On that same day, the defendants executed and delivered to the SBA a promissory note whereby they promised to pay the SBA $125,000.00 plus interest at the rate of 12¼% per annum. Then, on April 12, 1985, Arnesault and Chrisler received from the plaintiff through its agent, the SBA, the sum of $45,000.00 representing the balance of the loan. In both instances an SBA Settlement Sheet was executed showing receipt of the said loan.

It is not disputed that the defendants have failed to comply with the terms and conditions of the Note by failing to pay the installment payments due on April 1, 1986 or thereafter. The United States of America, acting through the SBA, is the present owner and holder of the Promissory Note. The Note is now in default and there is now due and owing on the Note $125,-100.00 plus interest at the rate of 12¼% per annum on the principal and all advances from April 21, 1988, or at a daily rate of $41.99 from that date.

On November 24, 1989, this Court granted the plaintiff's Summary Judgment motion as a matter of law under Rule 56 of the Federal Rules of Civil Procedure. Subsequently, the defendants filed an appeal in the United States Court of Appeals on December 26, 1989. Sometime thereafter the defendants withdrew their appeal, and the Government then made the present motion to amend the Summary Judgment granted by this Court to include a money judgment

for the amount due. The defendants have cross-moved for an order denying any amendment to the order granting Summary Judgment, and have requested additional relief from the prior judgment under Rules 60(b)(2) and (3) of the Federal Rules of Civil Procedure.

## Discussion

The outcome of the initial summary judgment motion was determined through a simple review of the agreement dated April 8, 1985 and executed by the defendant's and the SBA. (Both the plaintiff and the defendants have attached copies of said agreement to their Motion papers) The agreement contains the following language:

"ARNESAULT, CHRISLER, CABOOSE and SBA, by execution of this Agreement release each other from any and all liability for damages arising out of the sale of the Red Caboose property from SBA to ARNESAULT and CHRISLER, from any and all liability due to the representations or non-representations, whether written, oral or implied, of any of the parties hereto or their representatives, provided, however ARNESAULT and CHRISLER do not release SBA from any claims arising out of the title to said real property, and that any claims as to title to said real property are expressly reserved to ARNESAULT and CHRISLER."

The clear meaning of these words are that the defendants and the SBA have released each other from liability for damages related to the sale of the Red Caboose, including liability based upon the condition of the property and upon representations or non-representations allegedly made, but have reserved claims as to title.

Title refers to ownership of property. *In re Pelis' Estate*, 271 N.Y.S. 731, 150 Misc. 918; *Frank v. Forgotston*, 61 N.Y.S. 1118, 1119, 30 Misc. 816. While the defendants allege that they are asserting such claims, and by doing so preclude Summary Judgment from being granted in favor of the plaintiff, that was simply not the case. It is true that the defendants have reserved claims as to title, however, they have not asserted a defect in the title. All but one of the affirmative defenses and all but one of the counterclaims asserted by defendants are based upon alleged representations or non-representations made by the SBA. These are not title questions, but instead refer to the condition of the property, and are based upon alleged representations or non-representations made by the Plaintiff.

The defendants failed to put in question the validity of the release they have executed, nor did they deny its execution. Since they have released the SBA from liability arising out of the condition of the property and from liability based on representations or non-representations allegedly made, they cannot assert such defenses or claims by calling them title problems.

The defendants had also alleged a failure of consideration and that the plaintiff had not complied with Federal and State Truth in Lending Requirements. In granting the plaintiff's motion for Summary Judgment, the Court found no merit to these arguments.

The Court orders that the plaintiff's motion to amend the Summary Judgment motion granted by this court to include money judgment is hereby granted. In addition, this court hereby denies both the defendants' cross-motion to deny such amendment to order granting summary judgment and the defendants' requested relief under Rule 60(b)(2) and (3) of the Federal Rules of Civil Procedure.

Judgment is hereby entered against the defendants in the amount of $125,100.00, the principal balance due, plus prejudgment interest of $64,962.34 at the rate of 12¼% per annum up to November 27, 1989, and $30.00 in costs, for a total of $190,092.34 and post-judgment interest at the rate allowed by law from November 27, 1989.

IT IS SO ORDERED.