RUFUS STORY, Respondent, *v.* ABRAHAM B. CONGER, Appellant.

*Words—" Good and Sufficient Deed"—Construction—Real Estate.*

An agreement to convey by a good and sufficient deed implies an agreement to make a good title.

On the 14th day of December, 1849, the Defendant and his wife conveyed to the Plaintiff certain real estate in the city of New York, and by the deed the Plaintiff covenanted that the premises were free and clear, among other things, of taxes and assessments. At the time of the conveyance there was a tax for the year 1849 of $189.31, which was a lien and encumbrance on the premises, and which the Defendant was then liable to pay.

The Defendant failed to pay the tax, and the Plaintiff paid the same on the 14th of February, 1850.

And for the recovery of the sum so paid, with interest, this action was brought.

The defence interposed is that, in conversation and negotiations between himself and the Plaintiff, in reference to the sale of the premises, it was understood that the Plaintiff was to take the same without the personal warranty or obligation of the Defendant, and that the Defendant was not to take any responsibility in respect to the title. A written agreement was entered into between the parties, by which the Defendant agreed to sell the premises to the Plaintiff, and convey and release the same to him by a good and sufficient deed; that the Plaintiff was then a tenant in possession; that the Defendant tendered to the attorneys of the Plaintiff, in his presence, a deed of the premises, without covenants or warranty; but they objected to the deed, alleging that a deed without the usual full covenants might throw suspicion on the title, and be an impediment in the way of disposing of the property, and urged the execution of a full covenant deed; and, to induce the Defendant to execute and deliver such a deed, they rep-

resented to him that they had investigated the title to the premises, and that the same was perfect and free from all liens and encumbrance (except the mortgages referred to in the written agreement), and that the Defendant would incur no liability by giving the deed.

The Defendant, induced by and relying on such representations as true, executed and delivered the deed in the complaint mentioned; but such representations were untrue, and he was deceived thereby.

The Defendant prays judgment for the dismissal of the complaint, and that the deed be set aside, and another deed executed, pursuant to the agreement of sale, and in conformity with the stipulations, or that the covenants in the deed be declared inoperative and void as against the Defendant.

The Plaintiff, by his reply, denied all the material allegations of the answer.

The action came on for trial at a Circuit Court, held in and for the city and county of New York, on the 17th of May, 1859. The Plaintiff moved the Court, upon the pleadings, to direct the jury to find a verdict for the Plaintiff, for the amount claimed in the complaint, on the ground that the answer did not state facts sufficient to constitute a defence to the Plaintiff's action, which was granted, and the Defendant excepted.

The jury rendered a verdict in favor of the Plaintiff for $311.87.

The exceptions were directed to be heard in the first instance at the General Term, and, after argument, judgment was given in favor of the Plaintiff for the amount of the verdict.

The judgment was entered, and the Defendant appeals therefrom to this Court.

*James A. Seaman* for Appellant.

*Charles Jones* for Respondent.

HUNT J.—Two questions are presented by the present demand for a new trial: First, was the Defendant, by the preliminary agreement of sale, which was in writing, of the date of November 30, 1849, bound to pay the tax in question? Secondly, if he was

not, has he stated facts enough in his answer to entitle him to the relief he desires?

In the answer, this agreement of sale is set out at length. By its first provision the Defendant agrees to sell to the Plaintiff the property in question, for a sum specified, "and to convey and release the same to him, by a good and sufficient deed, on the 15th day of December, 1849." The purchaser then agrees to pay the Defendant the sum of seven thousand five hundred dollars, to assume the payment of a fifteen thousand dollar bond and mortgage, then a lien upon the premises, to procure himself to be substituted as bondsman or mortgagor therein, or to procure the indemnity of Moses Taylor against any liability to the Defendant thereon.

In the case of Burwell *v.* Jackson (5 Seld. 535), the party had agreed "to execute, or cause to be executed to the party of the second part, on the first day of June, 1836, a good and sufficient conveyance of a certain lot of land in the city of Buffalo."

It was held that this contract bound the vendors to convey a good title to the purchaser. Here the party contracts "to convey and release by a good and sufficient deed." I see no difference in the legal effect of these expressions. The intent of each is to express an obligation to transfer a good title, and whether that result is accomplished by a deed of release or by a deed with covenants, is not important. The good title in each case is the thing to be attained, and nothing less than an actual good title will satisfy the contract.

When the Defendant, therefore, executed a deed by which he covenanted that there were no arrears of taxes upon the lots conveyed, he assumed no greater liability than his preliminary agreement called for.

If he had given a quit-claim deed, he would have remained liable upon his original agreement for the amount of this tax.

He has but fulfilled his contract, and has no occasion to ask for the interpretation of the Courts in his behalf.

These views render unnecessary a discussion of the second question. It is quite possible, from the allegations of the answer, that there was some misconception of the effect of the Defend-

ant's contract, and that there was some misunderstanding as to the fact of the existence of the tax in question. No fraud is suggested, nor is it alleged that a mutual mistake existed on the point in question.

One of these allegations is indispensable in a complaint asking for a reformation of the contract (Nevins *v.* Dunlap, 33 N. Y. R. 676).

Upon his own statement of the contract, the Defendant has done no more than he was legally bound to do. If unjust or immoral means have been resorted to, to induce him to perform that duty, there is no remedy.

In its result the case stands where and as it ought to stand (Hutchins *v.* Hutchins, 7 Hill, 104; Story's Eq. Jur. § 203; Randall *v.* Hazelton, 12 Allen R. 412, 415). Judgment should be affirmed.

All affirm, except JJ. Bockes and Porter.

JOEL TIFFANY,
State Reporter.