MARK A. BURT, Respondent, *v.* LYMAN DEWEY, Appellant.

The purchaser of personal property from a person without title, was sued by the true owner for its conversion, and a judgment recovered against him for the value. In an action brought before payment of this judgment by such purchaser against his vendor, for breach of the implied warranty of title.—*Held*, that he could recover only nominal damages.

In such case, a rule analogous to that in actions for breach of covenants for quiet enjoyment is applicable, and damages are not recoverable, until not only a liability to loss has been established, but actual loss has been suffered.

In sales of personal property, where the vendor at the time has possession, a warranty of the title is implied.

(Submitted January 16th, 1869, and decided March 22d, 1869.)

THIS was an action to recover damages for the breach of an implied warranty of title to a horse.

The plaintiff testified that in December, 1852, he bought a horse of the defendant, and paid him therefor eighty dollars; that he afterwards sold the horse, which subsequently

passed through the hands of several persons. While the horse was in possession of plaintiff, he was identified as a horse formerly in possession of Joseph Dysart; and Dysart testified that said horse was stolen from him, a short time before the purchase by the plaintiff. It was then shown that in 1856, an action was commenced in a Justice's Court by Dysart against the plaintiff for the horse, and a judgment recovered for its value. It did not appear that the defendant had any notice of that action, or that the judgment had been paid.

A motion was made for a nonsuit, the plaintiff waiving all claim for nominal damages, which motion was thereupon granted on the ground that it did not appear that plaintiff had paid the Dysart judgment recovered against him.

On appeal, the General Term reversed the judgment, and ordered a new trial; from that order the defendant has appealed to this court.

*E. H. Benn,* for the appellant, cited *Case* v. *Hall* (24 Wend., 102); *Delaware Bank* v. *Jarvis* (20 N. Y. R., 230); *Baxter* v. *Ryerss* (13 Barb., 281); *Withy* v. *Mumford* (5 Cow., 142); *Vibbard* v. *Johnson* (19 Johns., 77); *Randon* v. *Tobey* (11 How. U. S. R., 493); *Cooledge* v. *Brigham* (5 Metc., 68, 72); *Sturtevant* v. *Waterbury* (2 Hall, 449).

*Smith, Robertson & Fassett,* for the respondent, cited, *Blasdale* v. *Babcock* (1 J. R., 518); *Barney* v. *Dewey* (13 J. R., 224); *Vibbard* v. *Johnson* (19 J. R., 78); (*Livingston* v. *Bain* (10 Wend., 384); *Case* v. *Hall* (24 Wend., 101); *Walker* v. *Squires* (Lalor, 23); *Swectman* v. *Prince* (26 N. Y., 232, 233); *Wood* v. *Cavin* (1 Head, Tenn., 506); *Tipton* v. *Triplett* (1 Met., Ky., 570); *Goodloe* v. *White* (9 Humph., Tenn., 528); *Payne* v. *Rodden* (4 Bibb, Ky., 304); *Scott* v. *Scotts' Admr's.,* (2 A. K. Marsh, Ky., 217); *Chancellor* v. *Wiggins* (4 B. Monroe, Ky., 201); *Bingham* v. *Weiderwax* (1 Comstock, 509); *Mott* v. *Palmer* (1 Comst., 564); *Hamilton* v. *Udson* (4 J. R., 72); *McCarty* v. *Leggett* (3 Hill, 134);

Sedgwick on Dam., 3d ed., 181-2-3; *Armstrong* v. *Percy* (5 Wend., 535); Ex-parte Negus (7 Wend., 499); *Thomas* v. *Allen* (1 Hill, 145).

James, J. The evidence was sufficient to show that the horse had been stolen from Dysart before he came to the possession of defendant, and therefore, as against Dysart, defendant and his vendees were without title.

In the sale from defendant to plaintiff there was no proof of any express warranty of title; nor was any such proof necessary. The fair and reasonable construction of the evidence is that defendant had possession of the property at the time of sale and transferred it to the plaintiff on his paying the purchase money. Possession of personal property implies title, and in every case of the sale of personal property in possession, there is an implied warranty of title in the vendor. (2 Kent Com., 478; 2 Black. Com., 451; 1 J. R., 274; 3 Cow, 272; 3 Bac., 323.)

The important question in this case is, whether the plaintiff could recover without proving actual loss, or damage, by reason of defendant's want of title to the chattel. There was no evidence that plaintiff or his vendees had ever been disturbed in their possession or enjoyment of the property; nor had plaintiff ever parted with any money or property in consequence thereof.

It is true a judgment had been recovered against the plaintiff for the value of the horse; but, until satisfied, it only established a liability, not a loss. It might never be enforced. As the true owner was deprived of his property by a felony, he might pursue others, through whose hands it had passed, even the defendant, and satisfy his claim against them. Until a satisfaction, the owner's rights of action against others than plaintiff, remained intact.

In its operation and legal bearings, this case is very like a covenant of warranty for quiet enjoyment in the sale of land. If A, convey land to B, and B to C, and C to D, all with covenants of warranty for quiet enjoyment, and D is evicted,

he may sue any or all of the preceding covenantors till he obtain satisfaction; but no intermediate covenantee can sue his covenantor till he himself has been compelled to pay damages upon his own warranty. (*Withy* v. *Mumford*, 5 Cow., 137; *Baxter* v. *Ryerss*, 13 Barb., 281.)

In the case of breach of an implied warranty of title to a chattel, the vendee is not bound to await legal action against him. If satisfied of the insufficiency of his vendor's title, and that the true owner would recover the property in an action, he may surrender it, and recover its value in an action against his vendor, by affirmatively establishing that the vendor was without title; or the vendee may await the prosecution of an action. If the vendor be notified of the action and required to defend, a judgment, if obtained, would be conclusive as to his want of title; but if not notified, and judgment is obtained, the onus of showing want of title would rest upon the vendee, the same as if surrendered without action. (*Sweetman* v. *Prince*, 26 N. Y., 224, 232.)

If the property be surrendered to the true owner, then the vendee's loss and damage is established; but if a judgment be had against him, either with or without notice, the vendee's loss or damage is not established without proofs of satisfaction or payment of the judgment. In this case, the true owner (as in cases of covenants of warranty running with the land) would have a right of action against any possessor subsequent to the larceny; and that possessor against any prior covenantors, which might be pursued until this damage or loss is satisfied; hence any intermediate vendee, or covenantee, could not be permitted to maintain an action against his immediate warrantor, or covenantor, in the absence of fraud, without proof of damage by loss of property or compulsory payment of money.

I think the plaintiff on the trial, by omitting to prove payment of the judgment obtained against him, failed to establish a right of action as against the defendant, and hence was properly nonsuited

The judgment of the General Term should be reversed, and that of the Circuit affirmed.

All the judges voting, concurred. MASON and MURRAY, JJ., did not vote.

Order of General Term reversed, and judgment absolute for defendant.