By the Court.—Horace Russell, J.
At the argument of this appeal, I was strongly inclined to concur in the view of the learned judge who sustained the demurrer, but a careful examination of the complaint has led me to a different conclusion. He treated this case as if the plaintiff had, for no reason, rescinded an executory contract, and, while himself in default, had sued to recover the moneys paid as a deposit on account of the purchase. If that were the case, of course the plaintiff could not recover. The argument, and authorities cited by the counsel for defendant, relate only to cases of that character (Brown v. Weber, 38 N. Y. 187; Watt v. Rogers, 2 Abb. Pr. 261; People ex rel. Taylor v. Brennan, 39 Barb. 522; Sinclair v. Tallmadge, 35 Barb. 602).
But an examination of the complaint (and the demurrer is to be determined solely by its allegations) shows that the action sounds in fraud, for which the plaintiff claims he had a right to rescind upon discovery of the fraud, and, having rescinded, to recover the moneys paid on account of the contract: The only question is whether the complaint alleges such fraud as, if proved, would authorize rescission and recovery.
There can be no doubt that, as fraud vitiates every contract, a party to an executory contract into which he has been induced to enter by fraud, may, if he choose, rescind upon discovery of the fraud, and bring his action to recover any moneys or property paid or transferred by him on account of the contract. “ If a ven *192 dor should sell an estate, knowing that he had no title to it, or knowing that there were incumbrances upon it of which the vendee was ignorant, the suppression of such a material fact, in respect to which the vendor must know that the very purchase implied a trust and confidence on the part of the vendee, that no such defect existed, would clearly avoid the sale on the ground of fraud” (1 Story Eq. Jur. § 208). And to the same effect, Bigelow on Fraud, 401; and the " rule at law is the same as in equity” (Selden, J., in Burwell v. Jackson, 9 N. Y. 535).
It makes no difference whether the fraud consisted in positive representations or concealments of things which a party was bound to disclose, for representations and such concealments are to be treated alike, and give the same right of rescission. It is the same that a party concealed the fact that he was without title to the property which he assumed to sell, as that he made a positive false representation as to that fact, provided that, under the circumstances of each particular case, he was bound to disclose that which he concealed, and he concealed it with a fraudulent intent to defraud the other party.
The vendor in an executory contract for the sale of lands, in the absence of express statements to the contraryrepresents and warrants that he is the owner of the property which he assumes to sell (Burwell v. Jackson, 9 N. Y. 535; Story v. Congor, 3 Trans. App. 213 ; Smith v. Babcock, 36 N. Y. 169 ; Thomas v. Bartow, 48 Id. 198; Leggatt v. Mu. L. Ins. Co., 53 Id. 398 ; Bensel v. Gray, 6 J. & S. 449 ; Green v. Chandler, 25 Texas, 148).
The law on this subject is the same as on sales of personal property, where the vendor is in possession of the property which he undertakes to sell. In such case it is well settled that the vendor warrants and represents that he is the owner of the property sold *193 (Benj. on Sales, 523; Burt v. Dewey, 40 N. Y. 283 ; McGiffin v. Baird, 62 Id. 329; 101 Mass. 42). The law implies the warranty from the representation. In the sale of real property, the parties are, in contemplation of law, on the land at the time of the sale (Harsha v. Reid, 45 N. Y. 418 ; French v. Carhart, 1 Comst. 107); so that the analogy between sales of real and personal property is quite perfect (Selden, J., in Burwell v. Jackson, supra). If, upon a purchase like this, a vendee should rely only upon the warranty, as such, and should seek to disaffirm a sale before the time for the transfer of title arrived, he could not do so. There would be no breach at that time nor until the time for the delivery of the deed. But the plaintiff here does not count upon a warranty, but upon a fraudulent concealment. While a concealment of want of title would not be per se fraudulent—for the vendor might intend and have it in his power to acquire title before the time of the execution of the contract should arrive—it is fraudulent when accompanied with a fraudulent intent to deceive and defraud, and with a positive knowledge that he cannot acquire title to the property sold, and that he cannot deliver to the other party what he has contracted to sell.
The complaint in this case alleges the hopeless insolvency of the defendant; that he did not have, and has not since acquired, title to the property sold; that he concealed his want of title with a fraudulent intent “ and well knowing that he could not convey to the plaintiff the said premises, as agreed in said contract.”
•This seems to me a sufficient allegation of fraud to justify a rescission and the recovery sought.
The judgment should be reversed, with costs, and the demurrer overruled, with costs, with leave to the defendant to answer upon payment of such costs.
Sedgwick, Ch. J., and Freedman, J., concurred.