Delos E. Hall, plaintiff in error, v. Alexander E. Aitkin, defendant in error.

1. **Chattel Mortgage:** evidence. The filing of a chattel mortgage in the office of the recording officer of the county, under the provisions of section 14 of chapter 32 of the Compiled Statutes, makes such mortgage a part of the records of the county, and under section 408 of the civil code a copy thereof duly certified to by the proper officer is competent evidence of equal credibility to the original.

2. ———: foreclosure. Where a chattel mortgage is duly filed, as required by section 2 of chapter 12 of the Compiled Statutes, a duly certified copy thereof would be sufficient authority under which the mortgagee could take possession of the property and foreclose the mortgage. In case such foreclosure were not resisted, nor the authority of the mortgagee questioned, a certified copy would not be necessary, the original mortgage on file would be sufficient to justify the proceeding when collaterally attacked.

3. **Sale:** warranty: liability of vendor. Where a vendor in possession of personal property sells the same to a purchaser, who buys in good faith, believing he is obtaining a clear title to the property, there is an implied warranty of title by the vendor ; and if in such case there is an outstanding claim of title, evidenced by a duly filed chattel mortgage on the property sold, and the mortgagee takes possession of the property for the purpose of foreclosing the mortgage—depriving the purchaser of his possession—and the purchaser notifies the vendor of the proceeding to foreclose the mortgage, and offers to allow the vendor to contest the validity of the mortgage in his name, but at the vendor's expense, which the vendor refuses to do, the purchaser would be justified in declining to contest the validity of the mortgage and look to the vendor for the purchase price paid.

4. **Instructions to Jury.** Upon the testimony in a trial to a jury having been introduced, the judge who presided stated to counsel, in the presence of the jury, that, as a matter of law, under the admitted and conceded facts in the case, the plaintiff would be entitled to recovery, giving at length his reasons therefor, and subsequently so instructed the jury in writing. Upon objection being made on the ground that the statements of the judge were made in the presence and hearing of the jury,

*It was Held*, That there was no error, and a distinction made between the ruling of a court upon a question of law, and which terminates the case, and where, by statements and insinuations made, the court gives directions to a jury as to their decision upon questions of fact and the merits of the case which is finally to be submitted to them.

ERROR to the district court for Buffalo county. Tried below before HAMER, J.

*Ira D. Marston*, for plaintiff in error, cited: *Vibbard v. Johnson*, 19 Johns., 77. *Armstrong v. Percy*, 5 Wend., 536. *Case v. Hall*, 24 Wend., 102.

*A. H. Connor* and *J. M. Stewart*, for defendant in error, cited: Parsons on Contracts, 3d Vol., 213, 7th Ed. Schouler on Personal Property, Vol. 2, 584. *Bert v. Dewey*, 40 N. Y., 283. Sutherland on Damages, 2d Vol., 418, and notes 465.

REESE, CH. J.

This was an action to recover the purchase price paid for a team of horses sold by plaintiff in error to defendant in error. It was alleged in the petition that plaintiff in error had no title at the time of the sale, the team being under mortgage to the Aultman & Taylor Company, a corporation organized under the laws of the state of Ohio, and that since the purchase by defendant in error the mortgagee had deprived him of possession, by taking the property and foreclosing the mortgage.

The answer filed by plaintiff in error admitted the sale of the property, substantially as alleged, but denied the extent of the consideration, and denied all the other allegations of the petition.

A trial was had to a jury, which resulted in a verdict in favor of defendant in error for the sum of $275, and upon which judgment was rendered. The cause is brought

to this court by proceedings in error, defendant below being plaintiff in error here.

The motion for a new trial and the petition in error contain a large number of assignments of error, but we shall notice only such as are presented by the plaintiff's brief, following the order therein adopted.

There is no dispute but that the property was taken by the Aultman & Taylor Company, and sold as upon the foreclosure of a mortgage. The evidence shows that, about four months after the purchase of the property by defendant in error from plaintiff in error, defendant in error had the team in question hitched to his wagon and tied to a hitching post in the city of Kearney, and without his knowledge or consent an agent of the mortgagee unhitched the horses from the wagon and took them to a barn, where they were kept until they were sold upon the street.

Upon the trial a witness by the name of Sharp was called by defendant in error, who was interrogated as to his knowledge of the team, and for the purpose of identifying them as being the team mortgaged. During his examination the following question was asked him:

Q. (Handing.) "Examine that mortgage and ascertain the date of it, and state if you can identify it?"

To this question plaintiff in error objected, and objected to the paper being used for any purpose by the witness, unless it was introduced in evidence.

The witness stated that he had never seen the mortgage before, and could not identify it. He was then asked if the ages of the horses described in the mortgage corresponded with the ages of the horses sold. The answer was, "They would not be quite two years old when this mortgage was given. It would lack from November until spring. They were put in as yearlings, but were coming two years old." To this plaintiff in error objected, and moved to strike out as incompetent, immaterial, and be-

cause there was no proof of the existence, at any time, of
an original of which this paper is alleged to be a copy.
The objection and motion were overruled. We quote
further: "Plaintiff here offers in evidence, for the pur-
pose of identification of the mares in controversy, a certi-
fied copy of the chattel mortgage from Charles Masters
and B. F. Masters to the Aultman & Taylor Company.
Defense object as improper, incompetent, and no proof of
the existence of an original. Overruled. Defense excepted.

"Q. (Handing Exhibit A again to witness.) Examine
the ages of the two horses described there, called colts in
the mortgage, and state to the jury, on that examination,
how they compared in age and color with the mares you
saw in the possession of Mr. Aitkin in June last?

"Defense objects as immaterial and irrelevant. Over-
ruled. Defense excepts."

The objection here presented seems to be to the introduc-
tion of a certified copy of the mortgage instead of the
original.

In this action of the court we can see no error.

Section 14 of chapter 32 of the Compiled Statutes pro-
vides, in substance, that to make a mortgage effective,
where possession is not taken by the mortgagee, it is neces-
sary that the mortgage, or a true copy thereof, shall be
filed in the office of the county clerk. It appears that the
original was so filed, and the instrument introduced in
evidence was a certified copy of such original. By the
filing of the original, it became a part of the record in the
county clerk's office, and of course could not properly be
removed.

Section 408 of the civil code provides that, "duly cer-
tified copies of all records and entries or papers belonging
to any public office, or by authority of law filed to be kept
therein, shall be evidence in all cases of equal credibility
as would the original records or papers so filed."

The offer made by the attorney for defendant in error

was of a certified copy of the chattel mortgage, and the record shows the proper certificate was attached to the instrument introduced.

John W. Shahan, the county clerk of Buffalo county, was called as a witness, who testified that he was the custodian of the records and of chattel mortgages filed in the office of the county clerk, when he was asked the following question:

Q. State if you find any chattel mortgage filed from Chace Masters and B. F. Masters to the Aultman & Taylor Company? If so, state the date of the filing.

A. Here is a chattel mortgage from Chace Masters and B. F. Masters to the Aultman & Taylor Company, dated November 21, 1883, and filed December 7, 1883.

"The same is here marked exhibit B, and offered in evidence by the plaintiff. Defense object, as it does not purport to be a mortgage, but simply a copy and not a certified copy of anything. Nor does it purport to be an original, nor has there been any proof that any ever existed. Overruled. Defense excepts. A true and correct copy of said exhibit B is hereto attached."

So far as we are able to see, exhibit B is a copy of exhibit A, hereinbefore referred to. And whether it is or not, is not deemed material. There seems to have been no proof offered that the mortgage exhibited was not executed by the persons whose names appear thereon, nor that it was not the original mortgage. The copy attached to the record as exhibit B is a copy of the instrument introduced. We are, therefore, unable to say whether the mortgage produced by the clerk, and offered in evidence, was the original or not. Neither can we say whether it was duly certified or not.

A Mr. Clapp was called by defendant in error, who, over plaintiff's objection, testified that he took possession of the property by the direction of Savidge and Nevins, the agents of the Aultman & Taylor Company, and

stated, in substance, that his authority for taking possession was the certified copy of the mortgage which was introduced in evidence as exhibit A, or, at least, one very similar thereto. This testimony was objected to, for the reason that a certified copy of the mortgage filed would not constitute sufficient authority for taking possession of the team; that the instrument executed by the mortgagor was the only authority by which he could have acted. We think this objection has been sufficiently met by what we have already said. It was not so important that the person foreclosing the mortgage should have the original mortgage, as it was that such original, or a certified copy thereof, should have been filed, under the provisions of section 2 of chapter 12 of the Compiled Statutes, and, in case the original was filed, then a certified copy thereof should be taken, as sufficient to justify the foreclosure. But we are not prepared to say that either the original or a copy should be in the possession of the mortgagee, or his agent conducting a foreclosure, the same not being resisted, if a mortgage of the kind did actually exist, and was duly filed. It is true that, in case such foreclosure should be resisted, the mortgage or a certified copy thereof should be produced as a justification of the foreclosure. But this would become necessary only in case the right to foreclose should be questioned. As shown by the exhibits, the mortgage was executed prior to the purchase by plaintiff in error, and, of course, prior to his sale to defendant in error. This mortgage was of record in Buffalo county. Whatever title was created thereby existed at the time of the sale from plaintiff in error to defendant in error. Plaintiff in error being in possession of the property at the time he sold it, warranted the title thereto. When the mortgagee asserted his title, defendant in error immediately notified plaintiff in error of the proceeding, and required him to perfect his title to the property, or at least indemnify defendant in error. There seems to have

been a dispute as to which party could maintain the proper action of replevin, for the purpose of testing the title. That is, as to who should be the plaintiff in the action. Defendant in error finally offered to plaintiff in error that he would permit the suit to be conducted in his name, provided plaintiff in error would furnish the necessary replevin bond, and indemnify him against costs. This, plaintiff in error declined to do, and the horses were sold under the mortgage, possibly without right. It seems to have been the conclusion of plaintiff in error that the mortgage was invalid, for some reason, and therefore he was not required to defend the title against it. He had his right to exercise his option in that behalf, but, as the mortgage existed at the time of his sale to defendant in error, and he having been notified of the assertion of title under that mortgage, we think it is reasonably clear that he would have to stand the loss, even though there might be some defect in the title created by the mortgage. This was the view of the learned judge before whom the case was tried, and after the testimony had been introduced he stated to counsel, in presence of the jury, that, as he viewed the case, the plaintiff was entitled to recover upon the evidence, and that the only question to be submitted to the jury was as to the measure of damages. This statement was accompanied by the reasons for so holding, which are too lengthy to be set out in this opinion. The jury were correctly instructed. Objection is now made to the statements made by the court, in the presence and hearing of the jury, and by which it is alleged plaintiff in error was prejudiced.

The fact that the decision of the district court was accompanied by an oral statement of his reasons therefor could, in no sense, be prejudicial to plaintiff in error. If the decision of the district court was erroneous, the judgment could for that reason be reversed; but if the decision was correct, the fact that it was made in the presence and

hearing of the jury, by never so an elaborate statement of the reasons for such decision, could not affect the rights of the parties. Neither could it prejudice the jury, for the instruction subsequently given in all respects followed the decision so made by the court. There is a clear distinction between oral statements made by the trial court, as in this case, where the statement consisted of a decision upon a legal proposition, and upon which the court acts and directs the jury accordingly, and where a court, by statements and insinuations made in the hearing of a jury, directs the minds of the jury in a particular channel in their deliberations upon questions of fact to be submitted to them. Such statements as in this case made to counsel, in deciding a question of law, are not only unobjectionable but entirely proper, while in the other case they are reprehensible. The plaintiff in error has no cause of complaint as to the conduct of the trial court in the respect named.

Plaintiff in error offered in evidence a certified transcript from the records of the county court of Custer county, from which it appears that B. F. Masters was deceased; that administration had been granted upon his estate, and that certain promissory notes payable to the Aultman & Taylor Co., possibly the ones secured by the mortgage under which the property herein was taken, were filed against the estate, and that upon a final hearing by the county judge, no evidence having been introduced by the company, the court found, or rather was of the opinion, that, at the time the notes were given, the deceased "was incapable of doing any business, for the reason that his mental faculties had given way, from having had several strokes of paralysis." The notes were, therefore, disallowed. Upon objection being made, this transcript was excluded, to which plaintiff in error excepted. It may be a question whether that proceeding could be treated as such an adjudication as to deprive the Aultman & Taylor Company of their right to foreclose the mortgage, in case

there was an actual indebtedness. However that might be, in our view of the case we think the offered evidence was immaterial, and properly excluded. The title which plaintiff in error had warranted, by his sale to defendant in error, was directly attacked by a chattel mortgage, duly filed and of record in the office of the county clerk, existing at the time of the sale. He was notified of the proceeding by which the conditional title created by the mortgage would become absolute as against his vendee. Upon being required to protect his title, he declined to do so, and also declined to become liable for the expenses of the necessary litigation, if conducted by plaintiff in error. By this course he became liable to plaintiff in error for the value of the property conveyed, should the title fail, or for the necessary expense incurred in defending that title, should such defense be successful. Defendant in error had the right to assume that the title had failed, and look to plaintiff in error for indemnity. 3 Parsons on Contracts, 7th edition, 213. 2 Schouler on Personal Property, 589. *Burt v. Dewey*, 40 N. Y., 283.

Finding no error in the record, the judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.