Reed, J.,
delivered the opinion of the court.
In 1887 appellee bought of appellant ahorse for$100. In 1889 he sold it to a man by the name of Parker. Parker sold to Burke. In September, 1890, one N. R. Pratt saw the horse and identified it as one that had been stolen from him, took and retained the possession. It appears that both appellant and appellee were satisfied with Pratt’s claim of ownership and allowed him to retain the animal without controversy.
The action was brought by appellee to recover the price paid. On trial before a justice of the peace the plaintiff obtained judgment for $80 and costs. An appeal was taken to the countj*- court, a trial had, resulting in a judgment for the plaintiff (appellee) for $100 and costs, from which this appeal was prosecuted.
Several general assignments of error are made which may be consolidated into one, and when so consolidated is in effect that the court erred in the law of the case and that the judgment should have been for the defendant. Counsel in argument contend that the horse having been taken from the possession of Burke, a vendee, and appellee having retained the money received for the horse, and having neither voluntarily paid back nor been made liable to pay back the money received for the horse by process of law, had suffered no damage and could not maintain his action. According to all the authorities there is in the sale of the chattel an implied warranty of the legal ownership of the vendor, which amounts to *539 a covenant that the vendee shall not be evicted from or disturbed in the possession of the chattel. A breach of such implied warranty gives a cause of action, but to maintain the action the vendee must be evicted from the possession of the chattel, or have reimbursed his own vendee, in other words he must have sustained damage by reason of the eviction.
In this case appellee was not injured by Pratt taking possession of the horse; Burke, the third vendee, was dispossessed. Appellee had sold the horse and received and retained the money; had not reimbursed any subsequent vendee nor been made liable to do so. It does not appear that any claim had been or was being asserted by reason of the failure of title, and we are not to presume any claim would be asserted or any damage sustained by the appellee. If the present action is sustained he will have received pay for the animal twice, once from his vendee and again from the vendor. Of appellant’s liability to his vendee there can he no doubt, but until he is in some way made liable or voluntarily refunds the money received he can maintain no action, having sustained no injury. The decisions of the courts, as to when and to whom the vendor is liable, are not perfectly harmonious, but the prevailing doctrine appears to be the rule as asserted in Burt v. Dewey, 40 N. Y. 283, where it is said, “No intermediate covenantee can sue his covenantor till he himself has been compelled to pay damages upon his own warranty.” Both in equity and law this would seem to be the only just and practicable rule.
The judgment will be reversed and cause remanded.

Reversed.