Hanna v. Buckley.

ROBERT HANNA v. L. S. BUCKLEY.

FILED APRIL 21, 1896.   No. 6493.

1. **Sales:** TITLE OF THIRD PERSON: SURRENDER OF PROPERTY: DAMAGES: EVIDENCE. The buyer of personal property may peaceably surrender possession to a third person claimant thereof, but if he does so, in an action between him and the seller, in order to sustain a claim on his part for damages for the loss of the property, he must prove that the third person had a title thereto, valid and paramount to that acquired by the buyer from the seller.

2. ———: ———: ———: ———. Evidence *held* insufficient to sustain the verdict.

ERROR from the district court of Dawson county. Tried below before CHURCH, J.

*G. W. Fox*, for plaintiff in error.

*C. W. McNamar, contra.*

HARRISON, J.

The plaintiff commenced this action in the district court of Dawson county, on a promissory note, to recover the sum of $49.50 and interest. Defendant admitted the execution and delivery of the note in suit, but alleged that it was for the purchase price of a horse sold to him by plaintiff, and that plaintiff represented that he possessed a good title to the horse and that it was not mortgaged or incumbered in any manner; that this was untrue, there being at the time of the sale to defendant, to plaintiff's knowledge, an existing mortgage on the horse; that subsequent to defendant's purchase the animal was taken from him by or for the party owner and holder of the mortgage lien, of which fact he immediately notified the plaintiff, who did not and had not taken any action in the premises, all of which damaged the defendant in the amount of the note and $25 in excess thereof. The plaintiff, in reply to the answer of defendant, admitted that the note evidenced the agreed price of a horse sold by him to defendant, but denied each and every other allegation of the answer. The issues were tried before the judge and a jury, and the result was a verdict for the defendant, and, after motion for new trial heard and overruled, judgment was rendered on the verdict. The plaintiff presents the case here by error proceedings.

One assignment of error was that the verdict was not sustained by sufficient evidence, and under this assignment it is claimed that it was for the defendant to show, before he should have been allowed any damages, not only that the horse had been taken from him, but that it

was done by or for some person having a superior title or right to the property. The evidence discloses that the plaintiff had a lien by mortgage on the horse and took possession of it, foreclosed the mortgage, and sold the horse, which, at such sale, was purchased by the defendant herein, and at the time of the sale the defendant inquired of plaintiff whether there was any other lien on the property existing other than the one to enforce which it was being sold, and was assured by plaintiff that there was not, and that in making the purchase the defendant relied on such statement as being true. We will quote a portion of the defendant's testimony:

Q. State what the note in this action was given for.

A. It was given for a horse that I bought of Mr. Robert Hanna.

Q. State if there was anything said by Mr. Robert Hanna in regard to the title of the horse.

A. The horse was sold on a mortgage and I asked Mr. Robert Hanna at the time of the sale if the horse was free and clear of all incumbrance, and he said it was.

Q. State if the horse was ever taken away from you; if so, state the circumstances.

A. After I had the horse about a month or six weeks the deputy sheriff of Custer county came with a mortgage on the horse and took the horse away from me; at least he went into the corral where the horse was and got the horse and took him away.

Q. State if you said anything to Mr. Hanna about it.

A. I notified Mr. Robert Hanna just as quick as I possibly could go to where he was.

Q. How long did it take you to go there?

A. The same day; not over an hour.

In regard to the mortgage or lien under which it was claimed the horse was taken from the possession of defendant, it was further testified that plaintiff had knowledge that some person claimed to hold a mortgage on the property, but there was no evidence in respect to its validity or date, whether it had been filed, or whether it

covered the horse sold by plaintiff to defendant. The mortgage was not proved or offered in evidence. To give the evidence in regard to the defendant being deprived of the horse its full effect, it may be said to establish that some person claiming to be deputy sheriff from Custer county went to the place where defendant had the horse and took it away, asserting his right to do so was derived from a lien created by a mortgage then in his possession, and that the defendant offered no resistance, but allowed the horse to be taken and immediately notified the plaintiff of what had occurred. This was not sufficient. It further devolved upon defendant to prove that the lien under which the horse was taken from his possession was a valid one and superior to the title which had been conveyed to him by plaintiff. This he did not do. Where, as in this case, personal property is sold and there is a warranty of the title by the vendor, if some third person claims the property, either as an owner or by virtue of a mortgage or other lien thereon, the buyer may peaceably surrender possession to such third person, and in an action against the buyer for the unpaid purchase price, or any portion thereof, by the seller, the damages sustained by the buyer by reason of the failure of the title to the property is good matter of defense, but to maintain such defense the party alleging it, under the circumstances hereinbefore detailed, must establish that the title to which he yielded was valid, superior, and paramount to the title acquired from the seller. By a voluntary surrender of the property to a third party the buyer, in an action between him and the seller, in order to sustain a claim for damages arising from the loss of the property, assumes the *onus* of showing that the third person had a valid and paramount title or claim to the property. (*McGiffin v. Baird*, 62 N. Y., 329; *Bordwell v. Collie*, 45 N. Y., 494; Benjamin, Sales, sec. 830, note; *Hall v. Aitkin*, 25 Neb., 360; *Cheney v. Straube*, 35 Neb., 521.) In the case at bar the defendant did not prove the validity of the title of the party to whom, or to whose agent, he volun-

tarily surrendered the possession of the horse, and the superiority of such title to that of the party of whom he purchased and of whom he was seeking to recover damages for the failure of the title, consequently the evidence was insufficient to sustain the verdict and the judgment and verdict must be set aside.

There are some other alleged errors argued in the brief, but as there must be a new trial, we do not deem a discussion of them necessary.   The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.