(70 Misc. Rep. 561.)

STANLEY v. DRYER.

(Supreme Court, Appellate Term.  February 9, 1911.)

PRINCIPAL AND AGENT (§ 81*)—COMPENSATION—"DELIVERED."

Under an agreement providing that, if the plaintiff secured for defendant a contract for the sale of certain carriages, he should, when they were delivered, receive a commission, the defendant's offer of delivery and the buyer's refusal of acceptance will not support an action for the commission, unless there was an actual transfer of possession, or the buyer's refusal was caused by defendant's fault; the term "delivered," when used in a contract of sale, meaning a transfer sufficient to give the seller an action for goods sold and delivered, or at least a complete voluntary transfer of the possession of goods from one to another.

[Ed. Note.—For other cases, see Principal and Agent, Dec. Dig. § 81.*

For other definitions, see Words and Phrases, vol. 2, pp. 1958–1970; vol. 8, p. 7632.]

Delany, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Frank W. Stanley against Daniel S. Dryer.  From a judgment for defendant, plaintiff appeals.  Affirmed.

Argued before HENDRICK, LEHMAN, and DELANY, JJ

Wilber, Norman & Kahn, for appellant.

August Dreyer, for respondent.

LEHMAN, J.  The plaintiff acted as agent for the defendant in submitting a bid upon a contract to be awarded by the police department.  The defendant signed a written agreement to pay plaintiff 5 per cent. if his bid was accepted.  This agreement contains the words: "Payment to be made as soon as carriages are delivered."  The bid was accepted, and the defendant subsequently offered some carriages to the police department, or, according to the witnesses, "delivered" them; but the department refused to accept the carriages.  It does not appear whether the refusal was justified or not.  Parol evidence was admitted over plaintiff's objection to show that before defendant signed the contract he insisted upon the insertion of the words quoted above, and that plaintiff said "he would not get his commission unless the wagons were accepted."

The trial justice rendered judgment for the defendant, and the plaintiff claims that this judgment should be reversed on the ground that the parol evidence was introduced to vary the written instrument. If the word "delivery" in its context bears the unequivocal meaning

of an attempt or offer to transfer possession, then the admission of this evidence was erroneous; if, however, its meaning is ambiguous, or if it unequivocally denotes a completed transfer of dominion, then the parol evidence did not vary the written agreement. There is high authority for regarding the word "delivery" used in connection with a sale of chattels as ambiguous.

"There is no branch of the law of sale more confusing to the student than that of delivery. This results from the fact that the word is unfortunately used in very different senses; and, unless these different significations are carefully borne in mind, the decisions would furnish no clue to a clear perception of principles. First, the word 'delivery' is sometimes used with reference to the passing of the property in the chattel; sometimes to the change of the possession of the chattel; in a word, it is used in turn to denote transfer of title or transfer of possession." Benjamin on Sales, §§ 674, 675.

See, also, Bouvier's Law Dictionary (6th Ed.) vol. 1, p. 536, and Words & Phrases, vol. 2, p. 1960.

Other authorities of equal dignity have questioned the accuracy of Mr. Benjamin's statement.

"It would perhaps be more correct to say that a delivery which is effectual for one purpose is ineffectual for other purposes." Note to Sale of Goods Act 1893 drafted and annotated by Mr. Justice Chalmers (7th Ed.) p. 139.

That act itself defines delivery as the "voluntary transfer of possession from one person to another." Even if we adopt this definition, the appellant's position is not strengthened. A transfer of possession does not mean an offer to transfer and a refusal to accept. It means an actual transfer of dominion.

"In all cases the essence of delivery is that the deliverer by some apt and manifest acts puts the deliveree in the same position of control over the thing either directly or through a custodian which he himself held immediately before that." Pollock on Possession, p. 46.

"Both actual and constructive delivery contemplate the absolute giving up of the control and custody of the goods on the part of the seller and the assumption of the same by the buyer." 35 Cyc. p. 189.

I have searched the cases unsuccessfully for a case where it was held that a mere attempt to transfer constituted a "delivery" without any further acts. Even the difference in the measure of damages between actions for breach of contract and actions for goods sold and delivered is based upon the essential facts that in the theory of the law title in the one case is in the vendor and in the other case in the vendee. In every case the words used in a contract should be interpreted with reference to their context. Where the word "delivered" is used in a contract for the sale of goods without any qualification by other words, it seems to me that it means not merely an offer to transfer or even a parting with possession as by a transfer of custody, but an actual completed transfer of control over the goods; a transfer sufficient to enable the vendor to sue for goods sold and delivered instead of for goods bargained and sold or for breach of the special contract to accept and pay. It means at least a divestment of control in favor of another, and a divestment of control is complete only when acquiesced in by the other party.

It therefore seems to me that, regardless of whether or not the parol evidence was properly admitted, the plaintiff cannot recover without showing either that there was an actual transfer of possession to the department, or that the failure to make such a transfer was due to the defendant's fault.

Judgment should be affirmed, with costs.

HENDRICK, J., concurs.

DELANY, J. I dissent. The written agreement between the parties provided that the plaintiff should receive his commission on delivery of the carriages which defendant contracted to furnish. The language is "payment to be made as soon as carriages are delivered." All that was to have been done on the part of plaintiff had been performed—the only question was the time when he was to have been paid for his services. The testimony showed that they (the carriages) were delivered but seemingly rejected because it was claimed they were not according to sample. The defendant was permitted over exception to explain that the meaning of the paper included the acceptance of the carriages as well as their delivery. This in my judgment was error. In the abstract "delivery" may be an ambiguous term, and in certain instances, as in our modern substitute for the feudal livery of seisin—the giving of a deed to land—may mean the passing of the title as well as possession. But the term must not be considered here except with its context, and it here refers to the delivery of carriages—the placing into the possession of the buyer—as in "goods sold and delivered." Under this aspect the term is unambiguous and must be so accepted. Parol testimony should not have been admitted to give the word a more comprehensive meaning. Drew v. Swift, 46 N. Y. 204; Collender v. Dinsmore, 55 N. Y. 200, 14 Am. Rep. 224; Mellen v. Ford (C. C.) 28 Fed. 639; Lippert v. Saginaw Milling Co., 108 Wis. 512, 84 N. W. 831.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.