SAMUEL KORNBLUTH and CHARLES KORNBLUTH, Copartners Doing Business as SAMUEL KORNBLUTH & SON, Respondents, *v.* ABRAHAM MOSKOWITZ and ZODEK KATZMAN, Individually and as Copartners, Doing Business as MOSKOWITZ & KATZMAN, Appellants.

Supreme Court, Appellate Term, First Department, April, 1923.

Sales — goods taken from purchaser as stolen property — pleading — insufficiency of defense — permission to plead over.

In an action brought to recover the purchase price of goods sold, the answer does not deny the sale, but pleads as a defense that the goods were stolen prior to the plaintiffs' possession thereof and that while in defendants' possession were seized by the police, and that as the title to the goods failed, defendants' promise to pay for them failed for lack of consideration. *Held*, that while the answer does not properly allege that the plaintiffs had no title or that they purchased goods from or through the thief, yet the defendants should have been given leave to plead over and the order granting plaintiffs' motion for judgment on the pleadings will be modified accordingly.

Defendants, having given up possession of the merchandise on the demand of the police, assumed the onus of proving title in a third person, which if proved would be a complete defense to the action.

APPEAL by defendants from a judgment of the Municipal Court of the city of New York, borough of Manhattan, ninth district, entered on an order granting plaintiffs' motion for judgment on the pleadings. The order granting the motion is also brought up for review.

*Teitelbaum & Jaykowsky* (*Louis Jaykowsky*, of counsel), for appellants.

*Dorff & Levy* (*Max Dorff*, of counsel), for respondents.

LYDON, J. The action is brought to recover the purchase price of six dozen near-seal skins, to wit, $324. The defendants' answer does not deny the sale, but sets up as a defense the fact that the merchandise mentioned in the complaint was the subject-matter of a larceny prior to the plaintiffs' obtaining possession and that, while defendants had possession of the merchandise, the police authorities duly seized same and still have the goods; that as the title to the goods has failed, so the defendants' promise to pay for the goods has failed for lack of consideration; that defendants

Appellate Term, First Department, April, 1923.     [Vol. 120

have offered to deliver to plaintiffs the police receipt and an assignment of any claim to the merchandise arising out of the seizure. The respondents maintain that the allegations set up in the defendants' answer do not constitute a separate defense as a matter of law, and claim that the courts of this state have uniformly held that on a sale of a chattel in possession, while warranty of title is implied, there can be no recovery for a breach of this warranty until actual and complete loss or damage. And in support of this proposition they cite the cases of *Burt* v. *Dewey*, 40 N. Y. 283; *Sweetman* v. *Prince*, 26 id. 224, and *O'Brien* v. *Jones*, 91 id. 193. In the *Burt* v. *Dewey* case the purchaser of personal property from a person without title was sued by the true owner for its conversion, and judgment recovered for the value. Before payment of this judgment, and while he still possessed the goods undisturbed, the purchaser sued the vendor for breach of implied warranty of title. As no loss had as yet been established, damages were held not to be recoverable.

In the *Sweetman* case it was held that if a valid claim is made by a third person under a title paramount, the vendee may voluntarily yield up possession, assuming the burden of proving that the person so claiming the property had title paramount.

The *O'Brien* v. *Jones* case likewise holds that if the vendee yield the property to a third person claiming paramount title, the onus is on him to establish that the claimant was the true owner.

It is not a necessary precedent that the purchaser should be deprived of the goods, or their value, by the real owner, by judicial proceedings before he has a claim against his vendor. On the contrary, as was said in the case of *O'Brien* v. *Jones, supra:* "This covenant in the sale of chattels is likened to the covenant for quiet enjoyment of land (*Bordwell* v. *Collie*, 45 N. Y. 494; *Delaware Bank* v. *Jarvis*, 20 id. 226; *Burt* v. *Dewey*, 40 id. 283), and when the vendee relies upon it he must either restore to the true owner the property in question, or be prepared to prove its loss under compulsory proceedings, or the payment of money through judgment obtained against him, or voluntarily, in answer to a claim made, and in that case must also affirmatively establish that the claimant was the true owner and that his vendor was without title. This rule has been sustained by authority and is now to be deemed well settled. (*Case* v. *Hall*, 24 Wend. 102; *Delaware Bank* v. *Jarvis, supra; Burt* v. *Dewey, supra; Bordwell* v. *Collie, supra;* *McGiffin* v. *Baird*, 62 N. Y. 329.)"

According to the defendants' allegations in their separate defense, the goods in question were seized by the police authorities, and by the provisions of the Greater New York charter the police

are empowered to take into their possession property which is needed as evidence in a larceny.   Greater N. Y. Charter, §§ 316, 331–334.   When the defendants gave up possession of the merchandise on the demand of the police, they assumed the onus of proving title in a third person; and if they did prove it, then they would have a complete defense to the plaintiffs' action for the purchase price.

The answer does not properly allege that the plaintiffs had no title or that they purchased the goods from or through the thief, but the defendants should have been given leave to plead over.

Order modified by giving defendants leave to serve an amended answer within five days after service of order entered hereon and payment of ten dollars costs; and order as so modified affirmed; and on compliance with conditions judgment vacated.

LEHMAN and BURR, JJ., concur.

Order modified.