## In re FORSYTHE SHOE CORPORATION.

District Court, S. D. New York.

Jan. 18, 1933.

Lippitt & Berle, of New York City (R. P. Berle, of New York City, of counsel), for claimant Amesbury Shoe Co., Inc.

Shaine & Weinrib, of New York City (Maurice L. Shaine, of New York City, of counsel), for trustee.

PATTERSON, District Judge.

A reclamation proceeding was brought by the Amesbury Shoe Company to regain merchandise said to have been sold and delivered to the bankrupt in reliance upon false representations made by the latter as to its financial condition. The referee, after taking proof, dismissed the petition.

Early in February, 1932, the seller received an order from the bankrupt for the shoes in question. The price was $6,400. By letter dated February 11, 1932, the order was acknowledged and shipment promised in three or four weeks. They were actually delivered about March 23, 1932. In the meantime, about March 2d, the seller had received a financial statement purporting to show the bankrupt's financial condition. The statement indicated assets of $891,000 and liabilities of $380,000. It is conceded that the statement was materially false, in that liabilities for accounts payable in the amount of $100,000 were not included in it. A week or two later Cohen, who was an officer of the seller, had a talk with Feldstein, who is treasurer of the bankrupt. They went over the financial statement, and Feldstein succeeded in quieting Cohen's fears as to a certain large creditor who, according to a rumor, had been reported as "pulling out." Cohen states that up to this time shipment of the shoes had been held up, but that, after his talk with Feldstein, he was satisfied to deliver them. He said that the primary thing that he relied on was the reassurance as to the creditor not leaving, and that he also relied on the liquid condition reflected in the statement. An involuntary petition in bankruptcy was filed on March 30th, and adjudication followed on April 14th.

The referee held that the seller had not proved reliance on the false financial statement in shipping the goods. I am inclined to agree that the proof was insufficient on this point, although of course it was not incumbent on the seller to prove that he relied exclusively on the financial statement. But there is another aspect of the case that is fatal to reclamation of the goods. The contract for the sale of the shoes was made on February 11th. For all that appears, the contract was on that day complete as to delivery, terms of payment, and all other incidents, and imposed obligations binding on both parties. The fraudulent representations were made in the interval between the formation of the contract and its performance. A contract cannot be rescinded for fraud when the false representations have merely induced a party to perform a binding and valid contract already made and have led him to do no more than what he was already legally bound to do. Thompson v. Menck, 41 N. Y. (2 Keyes) 82; Story v. Conger, 36 N. Y. 673, 93 Am. Dec. 546.

The order of the referee will be affirmed.