## GILL EQUIPMENT CO. v. KAUFMAN.
### No. 13745.

United States Court of Appeals,
Fifth Circuit.
May 10, 1952.

Robert S. Sams, Atlanta, Ga., for appellant.

Reuben A. Garland, Atlanta, Ga., for appellee.

Before HUTCHESON, Chief Judge, and BORAH and RUSSELL, Circuit Judges.

JOSEPH C. HUTCHESON, Chief Judge.

Alleging that he had bought, and paid fifty-four thousand dollars for, a Model 54-B Bucyrus—Erie Shovel, complete with Shovel Front attachment, but that defendant did not have clear title to, and had not, as it had agreed to do, delivered the shovel front to him or put him in possession, of it, plaintiff brought this suit to recover $10,-598.12, the value thereof.

The defendant, admitting the purchase as alleged, denied plaintiff's charges that it had failed to make delivery or place plaintiff in possession of the shovel front as agreed. Alleging that plaintiff took possession of the shovel front, as had been agreed, at Bath, New York, where, to plaintiff's knowledge, it was when sold, defendant further alleged that instead of defending his possession and title as he was obliged to do, plaintiff permitted Fago Construction Company to deprive him of it, and his action should be against Fago and not against defendant.

The issues thus joined were submitted to the court without a jury, and the district judge, upon findings of fact,[1] which may

1. As important here, these were:

Prior to May 1, 1948, plaintiff negotiated with defendant for the purchase of a Bucyrus shovel. At that time, defendant was in the process of recovering possession of the shovel from Fago Construction Co., a former purchaser.

Plaintiff at that time was informed of the difficulties incident to the delivery of the shovel front which was then in Bath, New York, the basic machine being then in Maryland.

The parties entered into an agreement under which plaintiff was to take the shovel front "as is and where is", that is to say, plaintiff was to get the shovel front at Bath, New York, in its then condition, and at its then location. It was to be loaded onto plaintiff's truck by Dow & Co. under arrangements made by defendant.

Billings, agent for defendant, arrived at Bath at one o'clock A. M., May 5, 1948, and found the shovel front located about 500 feet from the office of Fago, and a short distance from the railroad tracks.

At a later hour on May 5th Billings returned to the place where the shovel front was located. Before he could have it loaded, however, Fago moved the shovel front from its original location to a point closer to its own office, and Billings was refused the right to take possession. Shortly thereafter, Fago hauled or caused to be hauled, the shovel front from Bath, New York, to Buffalo, New York.

When he encountered this opposition by Fago to his taking possession of the shovel front, Billings telephoned Mr. Shure, defendant's attorney, who, in behalf of the defendant, instructed Billings to request plaintiff Kaufman to employ an attorney at the expense of defendant to prevent removal of the shovel front from Bath and to obtain possession of the same for purposes of this sale. Kaufman, however, took the position that he was entitled to possession of the shovel without litigation, and he declined to employ an attorney. He subsequently made a demand on the defendant for the same, which demand was refused. He then requested repayment of his money, which was refused, and this suit was filed.

There is no evidence in this case, showing any agreement by Kaufman to litigate with Fago, or any other person, in order to obtain title or possession of the shovel front then. Kaufman did agree to haul it from Bath, New York.

I find there was never any delivery by the defendant, either actual or constructive, of the shovel front and the other parts referred to; that plaintiff paid and defendant received, however, the purchase price therefor, and there is nothing to negative the fact that defendant herein is retaining both said equipment

not be disturbed as clearly erroneous, and conclusions of law,[2] with which we agree, found for plaintiff and gave judgment in his favor for $10,166.12, the value of the shovel front.

Defendant, appealing from the judgment, is here insisting that the district judge misapprehended the effect of the evidence, in that it established that defendant had fully complied with its contract, and incorrectly stated and applied the law, in that plaintiff, having agreed to take the shovel front "as is and where is", and having found it at Bath, New York, it was plaintiff's duty to take and keep possession of it, and he could not hold defendant responsible for the act of Fago in taking it away from him.

With full recognition of defendant's sincerity and an honest belief in the rectitude of its position, we think it plain that it is defendant, and not the judge, who has misapprehended the evidence and is misapplying the law.

■ Without regard to what we might find the facts to be as matter of original impression, we are in no doubt that the record furnishes ample support for the findings of the judge so that we may not discard them as clearly erroneous. Indeed, we think that the court's findings that plaintiff was never put in possession are in accord with the simple facts of the case, and that his conclusion that plaintiff should have back what he paid for and did not get is in accord with the simple justice of it.

Appellee, defining delivery, as the "transfer of possession", as "giving to the buyer or his agent the real possession of goods sold", and citing authorities[3] in support, insists that, as found by the court, defendant agreed to make delivery to plaintiff, that is to put him in effective possession of the goods and that he did not do so.

■ We are in complete agreement with this view. As a general rule, in the absence of a contrary agreement, the seller is not bound to carry the goods to the buyer, but the goods must be so placed that the buyer may secure them without lawful obstruction. The vendor has failed to deliver the goods where, at the time of the sale, they are in the possession of a third person who refuses to deliver them.[4]

Reduced to its simplest terms, defendant's contention seems to us to come down at last to this: that plaintiff bought a law-

---

and the purchase price therefor; and no tender thereof is shown on this trial.

2. As important here, these are:

Under the contract between the parties and all the circumstances enumerated, the duty rested upon the defendant, after having received the full purchase price of the property involved, to make delivery thereof to the plaintiff at Bath, New York, as agreed.

The court finds against the contentions of the defendant that the plaintiff, who was the buyer, yielded possession of the property upon demand by Fago. That did not occur. On the other hand, plaintiff herein never did acquire any possession, actual or constructive, which it could yield to Fago. But Fago either at all times had possession or Fago prior to the time that plaintiff attempted to move it, re-took possession, and it cannot be said as a legal conclusion that plaintiff ever had possession of the shovel front.

The law provides that where a purchaser is given possession and pays the purchase price, the sale is complete, and the purchaser cannot voluntarily deliver the property to a third party claiming the same, and recover back the purchase price from seller. The purchaser may retain possession and should such third party sue him, he may vouch the seller into Court, but, that law is not applicable in this case, because of the fact that plaintiff herein never did obtain delivery of the goods and could not have surrendered same to Fago.

The court finds that it would be both inequitable and illegal for the defendant, having failed to deliver the goods in question, to retain both the goods and the purchase price.

3. McKinney's Consolidated Laws of New York, c. 41. Book 40, "Personal Property Law", § 156; Stanley v. Dryer, 70 Misc. 561, 127 N.Y. 468; Fox v. Young, Tex.Civ.App., 91 S.W.2d 857; Walker-Smith Co. v. Jackson, Tex.Civ.App., 123 S.W.2d 993; Western Silo Co. v. Gogerty, 187 Iowa 1, 171 N.W. 176; City of Wheeling v. Benwood-McMechen Water Co., 115 W.Va. 353, 176 S.E. 234.

4. 55 C.J. "Sales", Sec. 358, p. 364; Davis v. Gilliam, 14 Wash. 206, 44 P. 110; McKinney's Consolidated Laws of New York, Book 40, "Personal Property Law".

suit and by not carrying it on with the adverse claimant to the shovel front, he lost his right to recover his money back from defendant.

Under the authorities,[5] this will not do. The judgment was right. It is affirmed.

5. One of two of which are: Kornbluth v. Moskowitz, 120 Misc. 601, 199 N.Y.S. 233; Stuart v. University Lumber & Shingle Co., 66 Or. 546, 132 P. 1.